James Long, Gettis Long and Julius Ott, Plain-
    tiffs in Error, vs. The State of Florida, De-
    fendant in Error.

1.  An indictment under section 2516 Revised Statutes need not al-
    lege that defendant severed from the realty, the property alleg-
    ed to have been carried away; nor that the trespass was com-
    mitted without the consent of the owner of the land where it
    is charged that it was willfully committed, and a description of
    the realty trespassed upon as "the land of E. F. S., to-wit; a
    pinery located on the northeast quarter of the northwest quar-
    ter of section two, township twenty-three, south, range twenty-
    nine, east," is sufficiently definite.

2.  Pineapple plants growing in the soil are parcel of the realty
    within the meaning of section 2516 Revised Statutes and not
    farm products or fruit within the meaning of section 2517 Revis-
    ed Statutes, as amended by Chapter 4531; act of 1897.

3.  Under Section 2893 Revised Statutes it is not error to refuse
    to quash an information upon the ground that it charges sev-
    eral distinct felonies in separate counts, unless such information
    is so vague, indistinct and indefinite as to mislead the accused,
    'embarrass him in the preparation of his defence, or expose him
    after conviction or acquittal to substantial danger of a new pros-
    ecution for the same offence.

4.  Proof that the title to and management of a pinery alleged to
    have been trespassed upon were in the person alleged in the
    information, is sufficient to sustain the allegation as to owner-
    ship, even though the proof shows further that other persons
    were interested in the profits of the pinery.

5.  In order to convict one accused of wilfully committing a tres-
    pass upon realty by taking and carrying away therefrom pine-
    apple plants parcel of the realty the proof must show that the
    particular plants alleged to have been taken were in fact taken,
    but it is not necessary that the particular plants be produced be-
    fore the jury, or if produced along with others of the same
    character and variety, that witnesses should be able to separate
    the identical plants taken from the others, nor should the testi-
    mony of a witness tending to show  that the  identical plants
    taken are part of a mass of plants of like variety and character
    produced before the jury be excluded because such witness is
    unable to separate from the general mass the identical plants
    taken.

6.  'Instructions based upon a theory not sustained by the evidence,
    or which are substantially covered by other instructions given
    by the court, are properly refused.

7. Where two or more persons are charged under section 2516 Revised Statutes with wilfully committing a trespass by carrying away something which is parcel of the realty, the offence is joint and several and any one or more of the accused may be found guilty if the evidence justifies it, even though the others are not proven to have been connected in any manner with the commission of the offence.

8. An instruction to the effect that in a case of circumstantial evidence where the criminative circumstances are either denied by the defendants or are explained in such a way as to render their guilt doubtful, it is the duty of the jury to acquit the accused, is erroneous and ought to be refused.

9. An instruction that where defendants charged with crimnial trespass upon realty give a natural and reasonable explanation of their possession of the property alleged to have been taken, it then devolves upon the state to prove beyond a reasonable doubt that such explanation is false, and if such explanation be not shown by the state to be false beyond a reasonable doubt, it is the duty of the jury to acquit the accused, is erroneous and ought to be refused.

10. It is proper to refuse instructions as misleading when they are based on the theory of a party as to facts in evidence and ignore the effect of other facts applicable to the relation and rights of the parties.

11. Upon the trial of an information based on section 2516 Revised Statutes, for wilfull trespass upon another's land by carrying away something which is parcel of the realty, alleged to be of a value exceeding twenty dollars, the defendant may be found guilty even though the value of the property carried away be shown to be less than twenty dollars; but, in that case, the verdict should state the exact value of the property, or that its value is less than twenty dollars, in order that the court may impose the penalty prescribed for the offence where the value of the property does not exceed twenty dollars.

12. Where the defence interposed in a criminal case is an alibi, and evidence tending to prove it is introduced and the court in its instructions makes no reference to the defence of alibi, it is error to refuse an instruction to the effect that it is not necessary that the defendants shall prove an alibi beyond a reasonable doubt; that it is sufficient if the evidence offered to prove it raises a reasonable doubt in the mind of the jury whether or not the accused was at the scene of the crime and participated therein and that in such cases it is the duty of the jury to acquit the accused.

13. Upon the trial of an information drawn under section 2516 Revised Statutes for wilful trespass upon the land of another by carrying away pineapple plants, parcel of the realty, an instruction that before the jury can convict the accused of severing,

taking and carrying away the pineapple plants charged in the information, it must be proved beyond a reasonable doubt that they took them for the purpose of converting them to their own use; that to constitute the offence charged an intention upon the part of the defendants to benefit or gain by the taking is essential, and the accused cannot be convicted unless such intention is proved beyond a reasonable doubt, is erroneous and ought to be refused.

14. An accused person on trial for an offence is presumed to be innocent until his guilt is proven beyond a reasonable doubt, and he has a right to have the jury so instructed.

Writ of Error to the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Alex St. Clair Abrams,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

On September 11, 1899, in the Criminal Court of Record of Orange county, an information was filed against plaintiffs in error and Preston Long and Ligè Sweet, containing four counts. The first charged that all of said parties "in and upon the land of E. F. Sperry, to-wit: a pinery located on the northeast quarter of the northwest quarter of section two, township twenty-three, south, range twenty-nine, east, did unlawfully and wilfully enter and wilfully commit a trespass by taking and carrying away therefrom two hundred and seventy-four pineapple plants, the same being a parcel of the realty, of the value of twenty-five cents each, and of the total value of sixty-eight dollars and fifty cents, of the

property of said E. F. Sperry, against the form of the statute," &c.

The second charged that James Long, Gettis Long, Julius Ott and Lige Sweet "in and upon the land of E F. Sperry, to-wit: a pinery located on the northeast quarter of the northwest quarter of section two, township twenty-three, south, range twenty-nine, east, did unlawfully and wilfully commit a trespass by taking and carrying away therefrom two hundred and seventy-four pineapple plants, the same being a part of the realty, of the value of twenty-five cents each, and of the total value of sixty-eight dollars and fifty cents, of the property of the said E. F. Sperry, and that before the commission of the said trespass and felony, Preston Long, late of the county aforesaid, laborer, on the 15th day of July, A. D. 1899, at and in the county of Orange, State of Florida, aforesaid, did feloniously counsel, aid, incite and procure the said James Long, Gettis Long, Julius Ott and Lige Sweet to commit in manner and form aforesaid the said trespass and felony against the form," &c.

The third charged all the defendants with larceny of two hundred and seventy-four pineapple plants, of the value of twenty-five cents each, the property of E. F. Sperry.

The fourth charged James Long, Gettis Long, Julius Ott and Lige Sweet with larceny of two hundred and seventy-four pineapple plants of the value of twenty-five cents each, the property of E. F. Sperry, and charged Preston Long with being an accessory before the fact of such larceny. Each count alleged that the offence was committed in Orange county on July 15, 1899.

Upon the trial the court, among other things, instructed the jury to confine their deliberations to the charge in the first count of the information; that there was no evidence showing the defendants to be guilty of larceny, and to find Preston Long and Lige Sweet not guilty as there was no evidence implicating them. The jury found Preston Long and Lige Sweet not guilty, and the other defendants guilty, and from the sentences imposed this writ of error is taken.

The assignment of errors embraces forty-two grounds. As we reverse the judgment and direct a new trial, we shall consider only such of the alleged errors as we deem material in view of the new trial.

A motion to quash and also a motion in arrest of judgment were made and overruled, and these rulings are assigned as error. Under these motions it was insisted, first, that the first and second counts fail to charge an offence under the laws of Florida; fail to state all the facts and circumstances which constitute the offence described in section 2516 Revised Statutes; fail to allege that defendants severed the pineapple plants from the realty; fail to allege that the trespass was committed without the consent of the owner or owners of the land described in the information, and fail to state in what part of the land described the pinery was situated. It was also insisted that the description of the land trespassed upon is vague and indefinite, and that the act of 1897 repeals section 2516 Revised Statutes. Second, that two distinct issues are presented by the information; one embraced in the first and second counts, the other in the third and fourth. Third, that there is no such offence in law as larceny of chattels being part of the realty, and that under section 2516 Revised

Statutes there can be no larceny of anything that had formed part of the realty. Plaintiffs in error admit in their brief that the counts charging larceny have been eliminated by action of the trial court, it therefore becomes unnecessary for us to consider whether they were bad under the objections presented under the third head.

The first and second counts are based upon section 2516 Revised Statutes, which reads, "whoever wilfully commits a trespass by cutting, scraping, injuring or destroying timber or wood standing or growing on the land of another, or by carrying away any kind of timber or wood, cut down or lying on such land, or by digging or carrying away any stone, ore, gravel, clay, sand, turf or mould from such land, or by carrying away anything which is parcel of the realty, shall be punished as if he had stolen personal property of the same value." Section 2517, as amended by Chapter 4531, act of 1897, which we are asked to consider, reads as follows: "Whoever takes and carries away from any farm, garden, orchard, orange or lemon grove, or destroys any farm products, vegetables, fruits or flowers, corn or cotton from the stalk, or from any vineyard any grapes of any money value, without the consent of the owner or manager shall be punished," &c. The only difference between the original section and the amendment is that the latter reduces the offence from a felony to a misdemeanor, and uses the word "stalk" instead of "stock" as in the original section.

1. We are of opinion that the first and second counts are good as against the objections presented under the first head. The allegations follow substantially the language of the statute, and we have held that this is sufficient. Tufts v. State, 41 Fla. ——, 27 South.

Rep. 218. The statute punishes one who wilfully commits a trespass by carrying away anything which is parcel of the realty, and there is nothing in this language which requires a further allegation that the party accused "severed" the property taken from the realty. Neither does the statute require an express allegation that the trespass was committed without the consent of the owner of the land. The allegation that the trespass was wilful is all that this statute requires, and the meaning of that word as used in the statute and the information excludes the idea that the owner of the land consented to the trespass. Preston v. State, 41 Fla. ——, 26 South. Rep. 736. The information locates the pinery as being situated on a definite percel of land containing about forty acres, and the parcel is described in accordance with the prevailing and approved method of designating lands that have been surveyed in accordance with the system of surveying adopted by the United States. This is sufficiently definite. We have not been referred to any statute which repeals section 2516 Revised Statutes nor have we been able to find any. It is also insisted that if the matters set forth in these counts are criminal at all, they constitute an offence under section 2517 Revised Statutes as amended, and not the offence denounced by section 2516. It is claimed that a pinery is a farm, and that pineapple plants are farm products within the meaning of the former section. A careful reading of the entire section convinces us that this construction is untenable. While it may be that the unsevered fruit of the pineapple plant may be a "farm product" or "fruit" within the meaning of that section, we think the growing plant is a part of the realty within the meaning of section 2516. As the information alleges that the

plants were parcel of the realty, the offence was properly charged under the provisions of the latter section.

Section 2893 Revised Statutes provides that no indictment shall be quashed or judgment be arrested or new trials granted on account of any defect in the form of the indictment or of misjoinder of offences or for any cause whatsoever unless the court shall be of opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence. This statute covers the objections urged under the second head. Green v. State, 17 Fla. 669; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144. See, also, Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. Rep. 410. Counsel have not suggested to us how the defendants could have been misled or embarassed in the preparation of their defence. The offences charged are of the same grade, both felonies, and subject to the same punishment. The third and fourth counts were evidently inserted upon the theory that if the proof failed to sutsain the allegation that the pineapple plants were when taken and carried away a part of the realty that the defendants might be convicted of larceny, because no evidence of larceny, distinct from the evidence of the trespass and carrying away, was attempted to be introduced. We do not say that the State's theory would have supported the charge of larceny, but we see nothing in the case which justifies us in saying that the court erred in refusing to quash the information on the grounds stated.

II. Several assignments of error are based upon rulings denying motions to strike testimony given by

the witness E. F. Sperry. He stated that he visited the pinery, from which the plants were alleged to have been taken, on Friday, July 14, 1899; that at that time its condition was normal; that the plants alleged to have been taken were then growing in beds where they had been set out three or four, possibly six, months previously; that on Sunday morning, 16th July, he again visited the pinery, found that many of the plants had been taken up from the beds of his own and an adjoining pinery belonging to one Gooding; that he counted the places from which plants had been taken, and found four hundred and seven missing places that he could identify, of which one hundred and thirty-eight were in the Gooding pinery the rest in the Sperry pinery; that Gooding's plants originally came from his pinery, and were of the same variety, though there was some difference in the size; that on Monday morning, July 17th, he found and counted, in a barn supposed to be in possession of one of the defendants, four hundred and twelve pineapple plants, which he identified as the plants taken from the Sperry and Gooding pineries, and he explained to the jury why he could identify these plants from other plants of the same variety in the Mallon pinery, another pinery some distance away in charge of one of the defendants. He testified that some time after July 17th he saw these plants with others of the same variety which it was claimed came from the Mallon pinery, amounting in all to over seven hundred in possession of the sheriff. He also testified that the value of the plants taken was twenty cents each; that plants of that character had no market value. On cross-examination he stated that he was the owner of the pinery; that the title and management were in him, though one Smith and one Johnson were interested in the profits. Defendants thereupon

moved to strike out all the testimony of the witness "re-
garding the pinery," it appearing that Sperry was a joint
owner thereof with Smith and Johnson, while the infor-
mation alleged that he was the owner. This motion be-
ing overruled an exception was taken. The sheriff then
produced the pineapple plants in his possession, and the
witness Sperry was asked to separate his plants from the
others. He replied that in their then condition he did not
suppose it would be possible to separate them, but pro-
ceeded to separate the plants into two piles, one of which
he pointed out as having come from the Mallon pinery,
the other from the Sperry and Gooding pineries. He
was then asked to separate those which came from the
Gooding pinery from those which came from the Sperry
pinery. Witness stated that it would be impossible to
do so. Counsel then took from each pile a plant and
asked the witness to explain how he could tell the dif-
ference between them. The witness replied that he
coud not tell that now, and stated that it would be im-
possible to identify those plants that came from the
Sperry pinery from those that came from the Gooding
pinery. Defendants then moved to strike out all the
evidence of the witness relating to the pineapple plants
because he could not identify his own from those of
Gooding. This motion was overruled and an exception
taken. At the conclusion of Sperry's testimony defen-
dants moved to strike all of his testimony relating to the
ownership, identity and value of the pineapple plants up-
on substantially the following grounds: there was a
fatal variance between the allegation in the information
as to the ownership of the pinery and the pineapple
plants and the testimony of this witness as to such
ownership; the plants taken from the Sperry pinery

could not be identified from those taken from the Good-
ing pinery; the plants taken from the Sperry pinery were
not identified by the witness so as to enable the jury to
ascertain the value in order that the grade of the offence
might be determined. It may be that a variance as to
ownership such as is here claimed would not be fatal in
view of section 2898 Revised Statutes. But we find it
unnecessary to rely upon this statute, as the witness dis-
tinctly testified that the title to and management of the
pinery were in him and that Smith and Johnson were
simply interested in the profits thereof. This proof, we
think, does not vary from the allegation that the pinery
and plants were the property of the witness. Nor do
we think the court would have been justified in striking
the testimony of the witness relating to the pineapple
plants and to their identity and value simply because the
witness was unable to separate from the entire number
of plants produced in court those which came from the
Sperry pinery. The law does not require the property
alleged to have been taken and carried away in cases
of this character to be produced before the jury or sep-
arated in their presence from other property of like char-
acter, in order to authorize a conviction. Unquestion-
ably the evidence must show that the particular prop-
erty alleged to have been taken was in fact taken, and
the testimony of this witness tended to show that the
identical plants taken from his pinery were, together
with others of similar character, found in the barn of one
of the defendants, and were at the time of his testimony
among the mass of plants produced in court. The fact
that he could not separate these plants from the mass
did not affect the competency of his testimony, but its
credibility; and was a matter for the consideration of the

jury in weighing credibility, not one for excluding the testimony from their consideration. The witness' testimony tended to show the precise number of his plants among the mass produced, and that fact, together with evidence as to the value of each plant taken from his pinery, would enable the jury to find the grade of the offence if they found that any offence had been committed. The motions to strike were properly overruled.

III. The other assignments of error which we deem it essential to pass upon relate to rulings refusing instructions requested by defendants.

1. Instrutions numbers 2, 3, 4 and 11 refused are framed upon the theory that Sperry was not sole owner of the pinery and pineapple plants as alleged in the information. There is no evidence to support this theory. Sperry testified that the title and management were in him, and that Smith and Johnson were only interested in the profits. There was no other testimony upon the subject. The general charge of the court and instructions numbers 1 and 10 given in behalf of defendants fully covered every proposition embraced in these refused instructions which were applicable to a several ownership in Sperry, which was the only kind of ownership proven in evidence.

2. Instructions numbers 5 and 8 were properly refused, because in substance they are covered by the general charge and by instructions numbers 1 and 10 given on behalf of defendants.

3. Instruction number 7 refused is as follows: "To authorize the conviction of any one of the accused on the second count of the indictment it must be proved beyond a reasonable doubt that James Long, Gettis Long, Julius Ott and Lige Sweet actually and in person entered upon the land of Sperry; and that they entered

unlawfully and wilfully. Neither of the three (four?) can be convicted of unlawfully entering on the lands unless it is proven beyond a reasonable doubt that they did enter on the lands." This instruction is clearly erroneous, in that it denies the right and duty of the jury to convict one or more of the four defendants named unless it was proven beyond a reasonable doubt that *all* of them actually and in person unlawfully and wilfully entered upon the land alleged. The offence is not neccessarily a joint one, but is joint and several, and any one or more of the defendants might be found guilty upon proper proof that he or they committed the acts alleged in the information even though the others were not shown to have been connected in any way with the commission of the offence. This instruction may be objectionable on other grounds but the one stated is sufficient to justify the ruling refusing it.

4. Instructions numbers 12, 14, 21 and 40 were properly refused because in substance they are covered by the general charge and by instructions numbers 16, 17 and 19 given on behalf of defendants. The definition of reasonable doubt, given in the general charge, and instructions 16, 17 and 19, given on behalf of defendants as to circumstantial evidence, were in form and substance such as have been often approved by this court. The court was jutsified in confining itself to forms of expression upon those subjects which have been so often approved in this State, instead of framing or adopting new forms of expression, which, no matter how worded, if they asserted correct principles, would mean the same thing.

5. The eighteenth instruction, to the effect that in a case of circumstantial evidence where the criminative

circumstances are either denied by the defendants, or are explained in such a way as to render their guilt doubtful, it is the duty of the jury to acquit the accused, was properly refused. The instruction is obviously erroneous in that it requires the jury to acquit in all cases depending upon circumstantial evidence where the accused denies the criminative circumstances, without reference to the credibility of the denial.

6. The tweny-second instruction refused is as follows: "Where defendants charged with the offence set forth in this information give a natural and reasonable explanation of their possession of the property alleged to be taken, it then develops (devolves) upon the State to prove beyond a reasonable doubt that such explanation is false; and if such explanation be not shown by the State to be false beyond a reasonable doubt, it is your duty to acquit the accused." This instruction is evidently borrowed from the law relating to the presumption of guilt permitted to be drawn from the fact of possession of property recently stolen, in larceny cases. We are not sure that this presumption is applicable to cases of trespass upon realty, but assuming that it is we are of opinion that the instruction was erroneous, and therefore properly refused. In order to put the burden upon the State of showing that the explanation is false, the explanation must be credible. It is not sufficient that it be natural and reasonable. Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560. There are other defects in this instruction which will readily occur by reading it in connection with the cases cited.

7. The twenty-third, thirtieth and thirty-first instructions were properly refused, because, in substance,

they are fully covered by the general charge and instructions numbers 1 and 10 given on behalf of defendants.

8. The twenty-sixth instruction we think fully covered by the charge and instructions given by the court, and it was therefore properly refused.

9. The twenty-seventh instruction was properly refused. It contains a statement to the effect that it is not sufficient proof of identification to show that the property found in the possession of a person accused of a crime is of the same kind as that which has been lost or of the same kind as other property lost by another person. This instruction ignores the effect of other evidence in the case tending to identify the plants which Sperry claims to have found in the barn as the identical plants that came from his and the Gooding pineries. He testified positively that he recognized the plants, and mentioned certain pecularities which he said enabled him to identify them. This testimony was wholly ignored by this instruction which goes upon the theory that the only evidence of identification was that the plants found were of the same kind as those which had been lost. Mims v. State, 42 Fla. ——, 27 South. Rep. 865.

10. The twenty-eighth instruction refused was as follows: "The fact that you believe from the evidence that some of the pineapple plants produced in evidence were taken from Sperry's land is not sufficient. The identical pineapple plants taken from the land of Sperry as charged in the information must be proved beyond a reasonable doubt, and before you can convict of an offence punishable as grand larceny, enough of the pineapple plants taken from Sperry's land must be identified and proved beyond a reasonable doubt as of the value of $20 or over." We are of opinion that it was properly re-

fused, because involved and misleading. If the jury believed beyond a reasonable doubt that some of the pineapple plants produced in evidence of some value were taken from the land of Sperry by the defendants, in the manner charged in the information, that was sufficient to found a verdict of guilty upon, even though there was no evidence upon which the jury could separate Sperry's plants from the others produced in evidence. This instruction was calculated and evidently intended to impress the jury with the view that in order to identify the property alleged to have been taken it was necesary that witnesses or the jury should be able to separate from the general mass of plants produced in court those which belonged to Sperry, and that a failure to do so required an acquittal. This is not the law as we have shown in considering the assignments based upon the rulings refusing to strike Sperry's testimony. The same reasons which constrain us to hold that the court did not err in refusing the twenty-eighth instruction are applicable to the ruling refusing the sixth and forty-third instructions. Both were upon the same subject, and are subject to the same objections.

11. The thirty-second instruction refused contains this proposition: "You can not convict the accused on the information as it stands, unless a sufficient number of the pineapple plants charged to have been taken from Sperry's land are identified beyond a reasonable doubt to be of the value of $20 or over." The statute (section 2516 Revised Statutes) defines the offence and prescribes that the party committing it shall be punished as if he had stolen personal property of the same value. The information charged the value of the property to be $68.50. If this value was proven, it would subject the

guilty party to the punishment prescribed for grand lar-
ceny which, under the statute (sections 2440-2441 Re-
vised Statutes as amended by Chapter 4395, act 1895),
is defined to be larceny where the value of the property
stolen is of the value of twenty dollars or more. If, how-
ever, the value of the property taken was less than
twenty dollars, it would not entitle the defendants to an
acquittal. They would still be guilty of the offence de-
nounced by the statute, but it would be necessary for
the verdict to show that the value of the property taken
is less than twenty dollars in order that the court may
impose the penalty prescribed for petit larceny, or lar-
ceny where the value of the property stolen is less than
twenty dollars. The instruction was properly refused be-
cause it in effect, directed an absolute acquittal unless
the value of the property was proven to amount of twen-
ty dollars or more.

12. Instructions numbers 33, 34, 35 and 36 refused
were upon the subject of alibi. The thirty-fifth reads as
follows: "It is not necessary that the defendants shall
prove an alibi beyond a reasonable doubt. It is suffi-
cient if the evidence offered to prove an alibi raises a
reasonable doubt in your minds whether or not the ac-
cused were at the secene of the crime and participated
therein. In such case it is your duty to acquit the ac-
cused." This instruction correctly states the law as
held by this court in Adams v. State, 28 Fla. 511, 10
South. Rep. 106, and we think the failure to give it con-
stitutes reversible error. The defence interposed by the
defendants was an alibi, and they introduced evidence
tending to prove it. It was the right of the defendants
to have the jury instructed that they were not required
to prove their defence beyond a reasonable doubt, but
that if the evidence on that subject was sufficient to raise

in the mind of the jury a reasonable doubt that they were present when the alleged crime was committed and participated therein, that was all the law required to entitle them to an acquittal. There is no reference to the defence of alibi in the charge or instructions given by the court, and as the instruction requested was regularly presented and refused and an exception taken, we must reverse the judgment because of the refusal of the court to give it. The other instructions upon alibi numbers 33, 34 and 36 may if requested upon another trial be refused upon giving the thirty-fifth. The thirty-third and thirty-fourth are patently erroneous, and we think the thirty-fifth contains a full and clear statement of all that is necessary to be given upon the subject of alibi.

13. The thirty-seventh and thirty-eighth instructions refused are based upon the theory that the plants alleged to have been taken possessed a market value or price. All the witnesses as to value testified that the plants were of some money value, but all of them agreed that plants of that character were seldom on the market, and that these plants had no market value, and that they were of special value to one who had them out in beds and in the condition they were alleged to have been when taken. Under this state of the evidence the court was not required to give charges relating to the supposed market value of the plants.

14. The forty-fourth instruction refused is as follows: "Before you can convict the accused of the severing, taking and carrying away of the pineapple plants charged in the information, it must be proved beyond a reasonable doubt that they took them for the purpose of converting them into their own use. To constitute the offence charged an intention upon the part of the

defendants to benefit or gain by the taking is essential and the accused can not be convicted unless such intention is proved beyond a reasonable doubt." This instruction is erroneous because it requires as a necessary ingredient of the offence a matter not found in the statute creating it. That statute does not undertake to confine the offence created to those who take or carry away property that is parcel of the realty for the purpose of converting it to their own use, or those, who expect to gain or benefit by the taking. We see nothing in the language that will justify us in so interpreting it.

The instruction was properly refused.

15. The thirteenth instruction refused is as follows: "The legal presumption of innocence attaches to the defendant at every stage of the trial, and this legal presumption must be regarded by you as a matter of evidence to the benefit of which the accused are entitled, and as a matter of evidence this presumption attends the accused until their guilt is by the evidence established beyond a reasonable doubt." We shall not at this time approve or disapprove this instruction, as the judgment is reversed upon other grounds. There can be no doubt that an accused person is presumed to be innocent until his guilt is proven beyond a reasonable doubt, and that he has a right to have the jury so instructed (Reeves v. State, 29 Fla. 527, 10 South. Rep. 901), but whether this presumption is to be regarded as a matter of evidence or not, we do not deem it necessary in this case to determine. Upon another trial the court can instruct the jury as was done in Wooten v. State, 24 Fla. 335, 5 South. Rep. 39, that the law presumes every man innocent until he is proven guilty by proper legal evidence beyond a reasonable doubt, which, in connection with the charge given in this case on reasonable doubt,

will under the authority of that decision justify the court in denying the thirteenth instruction if requested again.

For the error pointed out, the judgment is reversed and a new trial granted.