JULIUS BLAKES v. STATE.

182 So. 447..

Opinion Filed July 1, 1938.

*William E. Thompson* and *Harry G. McDonald,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—Writ of error brings for review judgment of conviction of the crime of manslaughter.

The information charged the commission of the offense by the accused by means of his gross carelessness and culpable negligence in the driving, managing, operating and controlling of a certain automobile.

We have carefully examined the record and find no reversible error appearing therein.

The State relied for conviction upon circumstantial evidence. That evidence established the fact that the deceased

came to his death by being struck while on the north side of the highway by an automobile traveling east on that highway at a high rate of speed; that the automobile belonged to the accused; that these facts were established to the exclusion of every other reasonable hypothesis is beyond question. The plaintiff in error contends that the evidence was not sufficient to show that the accused was driving the automobile at the time deceased was struck.

The automobile was seen about five and a half miles east of the place where deceased was struck and killed within a very few minutes after deceased was found dead on the highway. One witness testified positively that she saw the accused just before he abandoned the automobile at the place above mentioned and at that time he was driving the automobile in an easterly direction and that she saw the automobile when it was stopped and saw the accused and another man get out of the automobile.

Another witness testified that he saw the accused get out of the automobile at the place where it was abandoned. Both of these witnesses positively identified the accused.

The plaintiff in error contends that the opportunity for these witnesses to see and recognize the accused was so slight as to make their identification unreliable. This was a jury question and the jury resolved it against the contention of the accused. The accused attempted to prove an alibi. His proof of alibi was not sufficient to satisfy the jury that he was not present at the time and place of the fatal collision between the automobile and the deceased. It was shown that the accused made false statements about the time at which he reported the alleged larceny of his automobile. He stated to officers that the automobile had been stolen and that he reported the theft of the automobile to the police department at Clearwater at about seven o'clock, which was about one hour, or a little more, before the de-

ceased is shown to have been struck by the automobile. But the record shows that this statement was contradicted by officers of the police department of Clearwater and that in truth and in fact that he reported to the police about ten o'clock that his automobile had been stolen. This fixed the time of the report at between an hour and a half and two hours after the fatal collision. He attempted to account for his whereabouts between seven o'clock and nine o'clock by testimony from himself and members of his family. The testimony which he offered to support his alibi for this period was not convincing and in fact was of such a character as to warrant the jury in disregarding such testimony.

So it is that the evidence of the identity of the accused as the driver of the automobile was strengthened by proof that the accused made false statements in connection with reporting the alleged theft of the automobile and by the weakness of his attempted proof of alibi.

The accused is not required to prove an alibi beyond a reasonable doubt, but where the accused attempts to establish an alibi, proof thereof must be sufficient to raise a reasonable doubt in the minds of the jury as to whether or not it was possible for the accused to have been at the scene of the crime at the time when the crime is shown to have been committed.

We cannot say that the accused met the requirement as above stated.

The court correctly charged the jury as to the law governing the sufficiency of circumstantial evidence and also as to the law governing the sufficiency of proof of alibi. Under these correct instructions, the jury returned a verdict of guilty and the trial court approved that verdict by denying motion for a new trial.

So the judgment is affirmed.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.