TONEY INGRAM v. STATE.

198 So. 464
Division B
Opinion Filed November 5, 1940

*Waybright & Waybright,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General,. for Appellee.

PER CURIAM.—Toney Ingram was indicted for murder in the first degree in the Circuit Court of Duval County on April 12, 1940. From a judgment of conviction and sentence in the State prison for manslaughter, this appeal is brought under the Criminal Procedure Act, Section 280, Chapter 19554, Acts of 1939.

The State's proofs consist almost entirely of circumstantial evidence. It appears that the deceased met his death as the result of pistol wounds fired by someone who shot deceased in front of his home as he was returning from a party about two o'clock in the morning; that the accused had told the deceased about two hours before the homicide that "he was going to get him" or "I will get even with you" because deceased had knocked accused down

with his fist; that the accused left the scene of the altercation and went to his home, procured a pistol, and after some argument with his wife, left his home on foot, proceeding in the general direction of the deceased's home, a short time before the fatal shots were heard. The evidence shows the fatal shots were fired from a .38-calibre pistol.

The accused denied that he was present at the scene of the shooting and denied that he possessed a .38 pistol. His story explaining the facts proved by the State, which story is corroborated by several witnesses, is to the effect that shortly after leaving the scene of the altercation he was picked up by two friends who carried him to his home where he obtained his .32 pistol to lend to one of them. His wife "raised Cain" with him, so he had his friends drive him to his sister's house where he spent the night. Several witnesses saw or heard him come in to his sisters' home.

The evidence offered by the State in rebuttal was to the effect that although the accused denied that he had ever had a .38 pistol, several months before he had gone into his home and procured a .38 pistol with which he shot at an alley cat.

We are called upon to determine whether or not the evidence adduced by the State was legally sufficient to constitute the basis of the judgment of conviction. From the above circumstances (the altercation, the threat, and the procurement of the pistol), all of which the accused admitted, the jury was asked to reach the conclusion that the accused was present at the scene of the homicide and fired the fatal shots. His explanation is corroborated by the testimony of several witnesses that he was at another place some distance away when the shots were fired which killed the deceased.

To warrant a conviction upon circumstantial evidence, the proof must not only be consistent with the guilt of the

accused but it must also be inconsistent with any other reasonable hypothesis. The accused introduced evidence tending to establish his explanation of the events and to prove his alibi, corroborated by two witnesses as to part of the time and three other witnesses as to the balance of the night. It is not essential that the accused prove his alibi conclusively, but if there is a reasonable doubt of the accused's presence at the scene of the alleged crime at the time he is charged with firing the fatal shots, arising from all the evidence, it is sufficient. Blackwell v. State, 79 Fla. 709, 86 So. 224, 15 A. L. R. 465; Long v. State, 42 Fla. 509, 28 So. 775.

In Wharton's Criminal Evidence, 11th Ed., Sec. 922, it is stated:

" * * * But when circumstantial evidence alone is relied upon, the facts and circumstances must form a complete chain, and point directly and unerringly to the accused's guilt. In other words, they must be of a conclusive character. Mere suspicions, probabilities, or suppositions do not warrant a conviction. The circumstances must be sufficient to show guilt beyond a reasonable doubt.

See Fudge v. State, 75 Fla. 441, 78 So. 510. In Pate v. State, 72 Fla. 97, 72 So. 517, the Court states:

"When circumstantial evidence is relied upon by the State for conviction, the circumstances, taken together, must be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the accused and no one else committed the offense charged. It is not sufficient that the facts create a strong probability. If assuming all the facts to be true which the evidence tends to establish they may be accounted for upon any theory which does not include the guilt of the defendants, the proof fails to make out the charge. Wills' Circumstantial Evidence, page 262.

718

The value of circumstantial evidence consists in the conclusive nature and tendency of the circumstances relied upon to establish any controverted fact. They must not only be consistent with guilt, but must be inconsistent with innocence. See Whetston v. State, 31 Fla. 240, 12 So. 661; Kennedy v. State, 31 Fla. 428, 12 So. 858; Gantling v. State, 40 Fla. 237, 23 So. 857; Jenkins v. State, 35 Fla. 737, text 830, 18 So. 182, 48 Am. St. Rep. 267."

After a careful study of the record as a whole we reach the conclusion that the case should be submitted to another jury for their consideration.

We have carefully considered the other questions raised by the appellant and find in them no reversible error.

Reversed and remanded for new trial.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.

BUFORD, J., concurs specially.

CHAPMAN, J., dissents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (concurring specially).—After a careful study of the record, we reach the conclusion that the evidence relied upon for conviction being circumstantial evidence was not legally sufficient to meet the degree of certainty required in such cases.

We think the verdict of guilty of manslaughter evidences the existence of grave doubt in the minds of the jury as to the guilt of the defendant. If the State's theory of the case is correct, then the defendant was guilty of murder in the first degree, but the jury evidently was unwilling to accept that theory and, on the assumption that the defendant might have committed the homicide, returned a verdict of guilty of the lowest degree of unlawful homicide.