47 So.2d 541 (1950)
LYONS
v.
STATE.
Supreme Court of Florida, en Banc.
July 21, 1950.
Clyde H. Lockhart, of Brooksville, for appellant.
Richard W. Ervin, Atty. Gen., and Phillip Goldman, Asst. Atty. Gen., for appellee.
CHAPMAN, Justice.
The appellant was convicted of the larceny of a calf about four or five months of age, weight around 100 pounds, in the Circuit Court of Hernando County and sentenced to serve a term of three years at hard labor in the State Prison. He contends on this appeal that the evidence adduced on the part of the State is legally insufficient to establish a "taking and carrying away or the asportation of the animal". There is, however, evidence to show that the calf was first observed in a wounded condition near the state highway in Hernando County some miles north of Weekiwachee Springs. It was later learned that the animal had a.22 calibre rifle wound in the head just under one of its eyes. There is no dispute in the evidence that the defendant-appellant was seen about the spot a short distance from the highway where the calf or animal was later found dead. Some two or three days thereafter two .22 calibre empty shells were found in appellant's truck.
The appellant's explanation for being at the spot was that he lived in Clearwater and operated a small grocery store and meat market. On this particular Sunday the appellant, his wife and three children went to Weekiwachee Springs, had dinner and then drove north on the highway into Citrus County. On their return home they observed a herd of cattle near the highway and a calf acting as though it was hurt or wounded. The appellant stopped his car, left his family therein, and went to the spot where the calf was lying. The appellant and his wife testified that the calf was wounded by another party driving a car which left the scene when they approached. The husband denied that he shot the calf and the wife gave similar testimony. After the appellant examined the calf he returned to his car, joined his family and went to his home in Clearwater. The State relied upon circumstantial testimony to show that the appellant shot the animal as there is no direct testimony to sustain the contention. There is no evidence to sustain the pertinent allegation in the information to the effect that "Otis C. Lyons did unlawfully take, steal, and carry away the animal."
The State relies upon the case of Driggers v. State, 96 Fla. 232, 118 So. 20, 21, the rationale of which is, "the slightest removal of the thing stolen from its original position", or "by the slightest removal of the thing from the place where the owner placed it, or wanted it to be, and though *542 the transfer of possession existed for a very brief period of time", is sufficient to sustain or establish the requirements of asportation,  the theory being that the appellant shot the calf while in a standing position and after being shot, it fell from its standing position to the ground and on its side in a prone position and, therefore, the essentials of asportation were clearly proven. The rule in the Driggers case has been reaffirmed by this Court. See Davis v. State, 97 Fla. 987, 122 So. 579; Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360.
The facts in the case at bar are distinguishable from the facts in the Driggers case. In the Driggers case the defendants went into the field where the owner kept his cattle. The defendant Driggers there shot Brown's cow down and another defendant struck the heifer in the throat to make it bleed. The heifer fell in its tracks after being shot and was struck in the throat after it fell to the ground. Driggers and his associates were discovered after the heifer was shot and bled and before it was butchered, and they, after being discovered, ran from the scene. The carcass of the heifer was not moved by Driggers, except for the letting of blood. An inference may be drawn to the effect that Driggers and associates intended to butcher the heifer and the owner's discovery of their presence in the enclosure thwarted their intentions. Direct testimony as to the shooting of the heifer by Driggers and his fleeing the scene of the crime appears in the record.
In the case at bar there is no direct testimony that the appellant shot the animal or that he fled the scene of the alleged crime. The State relied upon circumstantial testimony to the effect that the defendant was near the wounded animal, it was shot with a .22 calibre gun and two empty .22 calibre cartridges were later found in appellant's truck. We have held that in order to warrant a conviction upon circumstantial evidence the proof must not only be consistent with the guilt of the accused but must also be inconsistent with any other hypothesis and must be of a conclusive character, pointing directly and unerringly to the accused's guilt beyond a reasonable doubt, and mere suspicion, probabilities or suppositions are insufficient. Ingram v. State, 144 Fla. 714, 198 So. 464.
The appellant testified that his reason for stopping at the scene was the action of the wounded calf near the State Highway. Appellant and his wife testified that a car left the scene as the appellant and family arrived and the animal was then wounded, falling down and getting up on its feet and made its way into some brush a short distance from the highway, and the appellant followed the animal to find out the cause of its behavior. It is true that the wife and children left the scene in appellant's car when some of the State witnesses appeared and shortly thereafter returned. The State witnesses did not see the appellant about the animal until they passed the scene the third time. Some of the State witnesses remained about the carcass for sometime after appellant left, awaiting his return for the carcass, but he did not return, according to their testimony.
It is not disputed that the calf was in a wounded condition near the State Highway or that the appellant was at the scene. Flight by the appellant from the scene was not established. Appellant's testimony and that of his wife to the effect that the animal was shot by a third party leaving the scene as they approached is not contradicted by the State's testimony. It is true that .22 calibre cartridges were found afterwards in appellant's car but this was fully explained by the appellant. The evidence discloses that the appellant and family on this particular Sunday afternoon were riding on a State Highway and the cattle were grazing near the highway. It was in the daytime. The State failed to show the appellant shot the calf or had it in his possession or fled the scene when some of the State witnesses appeared. It is our conclusion that the State's evidence in the case at bar failed to meet the rule enunciated in the Driggers case, supra.
The judgment is reversed and a new trial awarded.
THOMAS, SEBRING and HOBSON, JJ., concur.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., dissent.