57 So.2d 651 (1952)
BROADNAX
v.
STATE.
Supreme Court of Florida, Division B.
March 25, 1952.
Paul Lake, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
CHAPMAN, Justice.
The appellant, Marion Lee Broadnax, was informed against by the County Solicitor of Hillsborough County, Florida, for unlawfully having in his possession on January 20, 1951, certain implements and devices for conducting a lottery, commonly known as bolita, which lottery was conducted for money, and the implements and devices being duplicate tickets in a lottery yet to be played and being a part of the paraphernalia for conducting the lottery. Upon arraignment appellant entered a plea of not guilty and thereafter was placed upon trial before a jury in the Criminal Court of Record where a verdict of guilty was entered against him. He was sentenced by the Trial Court to confinement for a period of four months. The appellant appealed.
It appears by the record that the appellant, during the trial, did not take the stand or testify or offer any evidence whatsoever in his own behalf, but contended in the Court below and here that the evidence adduced by the State of Florida in support of the material allegations of the information was legally insufficient to sustain the verdict and judgment entered below. The appellant was arrested some 24 miles from Tampa at a place known as "Log Cabin", situated in the Hopewell community a few miles south of Plant City, where beer and wine were sold and had pool tables in the rear of the building. The place was licensed to sell beer and wine. The officers upon arrival asked to see appellant's beer license, which was shown to them. They searched the place and found a cigar box under the counter near the ice box on a shelf where cigarettes and candy were kept and lottery tickets were found therein. The officers testified that the tickets in the cigar box were live tickets.
Officer Salla, on cross examination at page 29, testified:
"Q. Did the defendant (meaning the appellant here) make any statement to you at that time? A. The only statement he made was that he was just working there and running the place for the man *652 while he was gone. The man's name (owner of the business) was Earl Whitaker.
"Q. That he (the appellant) didn't have anything to do with these tickets? A. That's correct."
We find nothing in the record to sustain the view that the appellant owned the tickets or that he ever sold any of them. The defendant-appellant stated that he was in the Log Cabin only for a short period during the absence of Earl Whitaker.
We have held on many occasions that in order to warrant a conviction upon circumstantial evidence the proof must not only be consistent with the guilt of the accused, but must also be inconsistent with any other hypothesis and must be of a conclusive character, pointing directly and unerringly to accused's guilt beyond a reasonable doubt, and mere suspicion, probabilities or suppositions are insufficient. Ingram v. State, 144 Fla. 714, 198 So. 464.
It is established law that in all criminal prosecutions the person charged with crime, under our judicial system, is entitled to the presumption of innocence. The burden of proof of every essential element of the crime is cast upon the State and the presumption of innocence accompanies a defendant through each step of the trial until same is overcome by testimony establishing the guilt of the accused beyond a reasonable doubt. Roe v. State, 96 Fla. 723, 119 So. 118.
It was not disputed that the defendant-appellant was waiting on the customers at the "Log Cabin" only for a short period during the owner's absence. We find nothing in the record going to the point that the appellant had knowledge or information that the live bolita tickets were in a cigar box under the counter near where he worked when waiting customers of Earl Whitaker's business. Section 849.09, F.S.A., makes it unlawful for any person "to have in his possession any lottery ticket, or evidence of any share or right in any lottery ticket, or in any lottery scheme or device". It is our conclusion that the evidence adduced by the State to show that the defendant-appellant was in possession of the lottery tickets when arrested by the officers is legally insufficient to meet the requirement of the statute, supra. The judgment is reversed and a new trial awarded. See Pinder v. State, Fla., 53 So.2d 639; Yarb v. State, Fla., 55 So.2d 108, and similar cases.
Reversed.
SEBRING, C.J., and MATHEWS, J., and GILLIS, Associate Justice, concur.