HOBSON, Judge.
Joe Frank Watson was convicted in the . Criminal Court of Record for Polk County, Florida of the crime of grand larceny. The sole point on appeal is whether the trial judge erred in refusing to instruct the jury on the defense of alibi.
The salient facts developed at the trial of the case at bar are as follows:
Roe Markham, a Deputy Sheriff, testified that on February 13, 1966, he had occasion to stop a pick-up truck approximately four miles south of Mulberry. The witness testified that as he approached the pick-up truck the lights were bright and as he passed the truck he observed that it was loaded with something real heavy like wire or cable. He stated that he immediately turned around, stopped the truck and therein observed three men, whom he identified as Joe Frank Watson, the defendant in the instant case, Willie Louis Watson and Glen Watson, brothers of the defendant. The witness testified that he got into a conversation with the three men relative to where they had gotten the wire, at which time the defendant, Joe Frank Watson, told him that he did not know where they had gotten the wire, but that his brother had come by and picked them up and the wire was on the truck at that time. Deputy Sheriff Markham then stated that he, along with several other persons, attempted to ascertain where the wire had come from and finally determined that the wire had come from Ewell Engineering, which scene reflected tire prints of a pick-up truck and footprints of the defendant.
Wayne Wyatt, an identification officer for the Polk County Sheriff’s Department, testified he had occasion to make plaster casts of vehicle tracks and foot tracks at the Ewell Engineering Asphalt Plant. The witness stated that the plaster casts prints made at the scene matched the shoes of he defendant and the tires of the pick-up truck.
The defendant, Joe Frank Watson, testified that on February 13, 1966, his brothers, *272 Willie Louis Watson and Glen Martin Watson, came by his home, and they asked to borrow his pick-up truck, which he had loaned them on other occasions. The defendant stated that at approximately eight o’clock that night he received a phone call from his brother, Glen Watson, stating that they had a flat tire and the spare was not in the truck. The defendant stated that prior to receiving the call he and his wife had been remodeling the inside of their house. At the request of his brothers, the defendant testified that he, with his wife and child, took a spare tire in his 1954 Chrysler to a site across from the Davison Chemical Company at the Ewell construction site. He further testified that the truck was parked some 200 yards from the plant site facing out toward Highway 60, and when he pulled up almost directly in front of the vehicle he observed the truck being jacked up with the tire off of it. The defendant then stated that he observed the truck loaded with copper wire and concluded that it was stolen. Therefore, he advised his wife to go home immediately and he would remain with his brothers to change the tire. The defendant then stated that, after his wife left, he was holding the flashlight for his brother to change the tire when he looked into the truck and observed that his tool box was open. He then asked if any of his tools had been used, wherein his brother Glen stated that he had used the hacksaw. Inasmuch as the defendant did not observe the hacksaw he stated that he asked his brother what had happened to it, to which he replied that he must have left it at the construction site. As a result of this the defendant testified the two men walked back down to the construction site and proceeded to look for the hacksaw which, according to the defendant, later turned up in the rear of the truck. Once the tire was changed the defendant stated that the three of them proceeded to his home in Riverview, at which time they were stopped by the Deputy Sheriff, Roe Markham. The defendant stated that while they were waiting on Deputy Weatherford to appear, his brother, Louis, stated they would have to come up with a story, so the three men made up a story to relate to the officers. The defendant then stated that his brothers had pled guilty to this offense for which he was also being tried.
Willie Louis Watson, a brother of the defendant testified that he had been charged with the crime of grand larceny occurring on February 13, 1966, involving copper wire from Ewell Construction Company and had pled guilty to that crime. The defendant’s brother further testified that on February 13, he and his brother Glen had borrowed the defendant’s truck. The defendant, according to Willie Louis Watson, did not have any idea as to why they were borrowing the truck inasmuch as they had used the truck on many other occasions. The witness then testified that after borrowing the truck the two men went down to the Ewell Construction Company site, where Glen Watson had previously worked. They then drove around until dark, went back to the site and proceeded to cut and load the copper wire. After the wire was loaded, they started away from the site and were several hundred yards from the plant when they had a flat tire. The witness then related that Glen Watson went to use a telephone to call his brother, Joe Frank, to ask him to bring a tire. His testimony reflected that sometime thereafter the defendant Joe Frank Watson, arrived with his wife, at which time the tire was taken out of the car. The witness stated that the defendant advised his wife to leave and he would ride with his brothers. The witness testified that the hacksaw was found to be missing and Glen and Joe Frank returned to the scene to search for the hacksaw. The witness, Willie Louis Watson, stated that when they were placed under arrest he and Glen made up a story and Joe Frank agreed to go along with them. The witness also testified that the defendant, Joe Frank Watson, did not do anything to aid, assist or conspire to commit the crime and did not know anything about the crime until he arrived with the spare tire.
*273 Irene Watson, the defendant’s wife, testified that on February 13, 1966 the defendant’s brothers borrowed his truck at approximately noon. The witness stated that she was in the presence of the defendant the entire day and no mention was ever made of his brothers after they borrowed the truck.
The witness stated that while she was fixing dinner, at approximately 7:00 or 7:30 P.M. the phone rang, at which time the defendant told her that his brothers had had a flat tire and wanted him to bring a tire to them. She then testified that the two of them, with their baby, put a tire in the car and proceeded to the location that had been described to the defendant. The witness related that they turned off the main road 60 and observed the defendant’s truck jacked up and loaded with wire. The witness stated that the defendant got out of the car and told her to go on home and he would be there in a little while.
At the close of the defense case, an instruction on alibi was requested, which was denied by the court.
In consideration of the testimony elicited above, we conclude that the defendant was entitled to an instruction on alibi. See 9 Fla.Juris., Criminal Law, §§ 176-177 and 1 Wharton’s Criminal Evidence, Burden & Degree of Proof, § 23 (12th Ed. 1955). Further, we hold that the refusal of the trial judge to grant the requested instruction constituted reversible error. Long v. State, (1900), 42 Fla. 509, 28 So. 775. The proof of an alibi need not be such as to make it impossible for the prisoner to be present at the place of the crime, or be absolutely clear, but it must be sufficient to raise in the minds of the jury a reasonable doubt of the guilt of the accused. Adams v. State, (1891), 28 Fla. 511, 10 So. 106. It is further generally held that the accused is entitled to acquittal if the jury, upon taking into consideration the evidence offered by the defendant to prove an alibi, with all other evidence, entertains a reasonable doubt as to whether the defendant was at the scene of the crime. Ingram v. State, (1940), 144 Fla. 714, 198 So. 464. All the evidence related to the defense of an alibi is for the consideration of the jury. Proof of the alibi depends on the credibility of the witnesses and the jury is the sole judge of whether the evidence raises a reasonable doubt. See Dees v. State, (1930), 99 Fla. 1144, 128 So. 485, and Flowers v. State, (1943), 152 Fla. 649, 12 So.2d 772.
For the reason cited above the case is reversed and remanded for a new trial.
ALLEN, C. J., and PIERCE, J., concur.