PEARSON, Judge.
The appellant was charged with robbery and found guilty by a jiiry. He was sentenced to a ten year term in the state prison. On this appeal appellant’s first point urges error upon the refusal of the trial court to give his requested instruction upon the defense of alibi. We hold that the instruction should have been given and that the error was prejudicial. Therefore, we reverse.
Appellant’s only defense in the trial court was predicated upon the claim of alibi. In support of his claimed alibi, appellant presented four witnesses. Only one of these, his girlfriend, testified that she was with him at the time that the crime was said to have been committed. Based upon this testimony, appellant requested the court to give the standard jury instruction, Criminal S.J.I. 2.10(a), upon the defense of alibi. The trial judge refused to give the instruction. Error has been assigned and properly argued.
The trial judge should have given the instruction because it is not his function to weigh the evidence and decide whether the charge shall be given in some cases and not in others. The instruction should be given in every case where there is sufficient evidence to take the issue to the jury. Long v. State, 42 Fla. 509, 28 So. 775 (1900); Watson v. State, Fla.App.1967, 200 So.2d 270. Having held that reversible error appears, we do not consider appellant’s second point. Accordingly, the judgment and sentence are reversed and this cause is remanded to the trial court for the purpose of granting appellant a new trial.
Reversed and remanded for new trial.