COBB, WARREN H., Associate Judge.
The appellant, Ellen Kalt, was convicted of grand larceny as a result of accepting money to procure a child for adoption by the victims, Mr. and Mrs. Loy, who were unable to have children.
The trial evidence was that Appellant-Kalt was paid some $3,700 over a year-and-a-half period by the Loys. She then went to Ontario, Canada, ostensibly to obtain a baby boy, but returned without him. After more delay, the Loys demanded return of their money, and appellant offered to make repayment in installments. This was not acceptable to the Loys, and they initiated prosecution.
The evidence at trial revealed that appellant had arranged adoptions in the past and had taken cafe of a number of pregnant women; the baby of one named Debbie had been intended for the Loys but Debbie disappeared before the child was born. There also was evidence that appellant offered the Loys one child, which they refused because it was a girl and they wanted a boy.
The point on appeal with which we are concerned is whether the trial court erred in denying appellant’s motion for judgment of acquittal.
The conviction of the appellant was predicated upon circumstantial, rather than direct, evidence of misrepresentation of past or present facts. The question, therefore, was not one which properly could be submitted to a jury unless the proof was inconsistent with any reasonable hypothesis of innocence. Broadnax v. State, 57 So.2d 651 (Fla.1952).
The facts adduced here were entirely consistent with the reasonable hypothesis that the defendant intended to obtain a child for the Loys and, through circumstances occurring after payment, was unable to do so. Whatever other offenses may be chargeable against appellant, she was entitled to the granting of her motion for judgment of acquittal of an offense under Section 811.-021, Florida Statutes.
Accordingly, the judgment of adjudication of guilt is reversed and the sentence is vacated and set aside, and the cause is remanded with directions to discharge the defendant.
Reversed and remanded with directions.
CROSS, J., and SMITH, ROBERT P., Associate Judge, concur.