355 So.2d 149 (1978)
Kenneth Edward MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. GG-215.
District Court of Appeal of Florida, First District.
February 9, 1978.
Rehearing Denied March 9, 1978.
Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant (hereinafter defendant) seeks reversal of a final judgment adjudicating him guilty of attempted burglary. An examination of the record reveals that defendant accompanied co-defendant Harold Luke to a warehouse which Luke admittedly broke into. Defendant was apprehended running from the scene with two pliers and a screwdriver in his pocket. There was no evidence that defendant entered the building, attempted to enter the building, or encouraged, aided or abetted Luke in doing so. The law is well settled that a person may be convicted on circumstantial evidence if such evidence is consistent with his guilt and also inconsistent with any reasonable hypothesis of innocence. Mere suspicion, probabilities or suppositions are insufficient. Driggers v. State, 164 So.2d 200 (Fla. 1964); Lyons v. State, 47 So.2d 541 (Fla. 1950). The circumstantial evidence in this case does not meet that standard.
Accordingly, we hold the learned trial judge erred in denying defendant's motion for discharge made at the close of the state's case and again at the close of all of the evidence.
The judgment of guilt is reversed and defendant is discharged from the conviction and sentence here appealed.
McCORD, C.J., and MELVIN, J., concur.