381 So.2d 344 (1980)
David Lee HUDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1131.
District Court of Appeal of Florida, Third District.
March 25, 1980.
Bennett H. Brummer, Public Defender, and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before NESBITT and BASKIN, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
*345 BASKIN, Judge.
The issue to be determined by this court is whether the trial court incorrectly refused to give an alibi instruction to the jury upon request. The trial court found that uncorroborated testimony of the defendant was insufficient to merit an alibi instruction. We disagree and reverse.
After receiving his salary, Kendral Watts went to Gene's Barbecue, ordered a sandwich at approximately 2:30 p.m., and while walking to his car, was knocked down from behind and robbed. He did not see his attackers. Rose Rawls testified at trial that she had given Watts a sandwich at the take-out window and saw him being robbed by three people, two of whom she knew as regular customers. One of those two was the defendant. She ran into the lounge to call for help and told several people that Green was the perpetrator but did not mention defendant Hudson. Another employee, Jerome Boyd, testified that Green and Hudson came in around 1:00 p.m. to shoot pool. About ten to fifteen minutes before the robbery, Green and Hudson left the lounge. According to Boyd, Rawls mentioned Hudson's involvement only when told that Hudson had been with Green earlier. Another employee, a barmaid testified that fifteen minutes before the robbery Hudson and Green left together.
A witness testified that he had seen a man lying on the ground and then saw Green leaving the lounge. He did not see Hudson near the scene. Defendant Hudson testified that he lives five blocks from Gene's and that he left at 2:00 p.m. on the date to visit a Paul White about a job. He testified that at 2:30, the time of the robbery, he was several blocks away at Paul White's house.
Defendant's notice of alibi was filed a month prior to trial.
After the jury was instructed, the attorneys approached the bench. Defense counsel requested an alibi instruction, indicating that he had forgotten to make the request earlier. The trial court refused to give an alibi instruction stating as its reason that defendant's alibi testimony was uncorroborated. The jury returned a verdict finding defendant guilty of robbery.
Defendant contends that Rose Rawls did not have an opportunity to observe the robbery and that her identification of Hudson is incorrect. He argues that she implicated Hudson because he had been with Green earlier and that these facts support his alibi testimony.
The standard jury instruction on alibi states as follows:
One of the defenses in this case is an alibi; that is to say, that at the time of the alleged crime the defendant was not at the place of the crime and that he was so far away that he could not have been at the place where the crime was committed.
Where an alibi is claimed as a defense, it is not necessary that the alibi be proved beyond a reasonable doubt. It is sufficient as a defense if you have a reasonable doubt as to the presence of the defendant at the scene of the alleged crime. If there is such a reasonable doubt it is your duty to find the defendant not guilty.
Fla.Std.Jury Instr. (Crim.) 2.11(a).
This instruction explains that in Florida it is not necessary for the defendant to prove the defense of alibi beyond a reasonable doubt. Watson v. State, 200 So.2d 270 (Fla. 2d DCA 1967); Flowers v. State, 152 Fla. 649, 12 So.2d 772 (Fla. 1943); Blakes v. State, 133 Fla. 12, 182 So. 447 (1938); Long v. State, 42 Fla. 509, 28 So. 775 (1900); and Adams v. State, 28 Fla. 511, 10 So. 106 (1891).
The state contends that defendant's uncorroborated testimony is insufficient to merit an alibi instruction. This contention contradicts the provisions of Florida Rule of Criminal Procedure 3.200, which permits a defendant who has failed to file a notice of alibi to testify when the court has excluded other evidence as a sanction. Furthermore, a notice of alibi is not required to be filed when a defendant intends to be the sole witness in regard to an alibi. White v. State, 356 So.2d 56 (Fla. 4th DCA 1978). In *346 those circumstances, a defendant would still be entitled to a requested alibi instruction.
A defendant's testimony may not be totally disregarded merely because he is the defendant. His testimony must be weighed just as that of any other witness. Odom v. State, 109 So.2d 163 (Fla. 1959); G.C.O. v. State, 309 So.2d 608 (Fla. 2d DCA 1975); Darty v. State, 161 So.2d 864 (Fla. 2d DCA 1964); and Peel v. State, 154 So.2d 910 (Fla. 2d DCA 1963).
The state argues that since the jury received an instruction on presumption of innocence, the court's failure to give the alibi instruction was, at most, harmless error. We disagree. In the absence of an instruction delineating the burden of proof required of the defendant, the jury could well have held the defendant to a standard beyond that required by law. Where evidence is inconclusive, the trial judge has a duty to provide standards for the jury to follow. Barnes v. State, 93 So.2d 863 (Fla. 1957) and Laythe v. State, 330 So.2d 113 (Fla. 3d DCA 1976). But see: Stanley v. State, 93 Fla. 372, 112 So. 73 (Fla. 1927).
It is not the function of the trial judge to weigh the evidence and select some cases in which to give the alibi instruction. The instruction should be given in every case where there is sufficient evidence to take the issue to the jury. Davis v. State, 254 So.2d 221 (Fla. 3d DCA 1971).
Adams v. State, 28 Fla. 511, 542, 10 So. 106, 114 (Fla. 1891), holds:
... evidence in support of an alibi need not be absolutely clear. It is sufficient if there is enough to produce in the minds of the jury a reasonable doubt as to the presence of the prisoner at the scene of the killing. Neither do we think that the evidence of an alibi should in any case make it absolutely impossible for the prisoner to be present at the killing. It is sufficient if it raises a reasonable doubt in the minds of the jury... .
All evidence relating to an alibi defense is for the jury's consideration. Proof of the alibi depends on the credibility of the witnesses. The jury is the sole judge of whether the evidence suggests reasonable doubt. Watson v. State, supra.
For the foregoing reasons, we hold the trial court committed reversible error in failing to instruct the jury on alibi upon request by the defendant. We reverse the decision of the trial court and remand for new trial.
Reversed and remanded.