John Leslie, alias, etc., v. The State of Florida.—Syllabus.

# JOHN LESLIE, ALIAS, ETC., PLAINTIFF IN ERROR VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—ENTERING BUILDINGS WITH INTENT TO COMMIT LARCENY—EVIDENCE OF GUILT FROM POSSESSION OF STOLEN GOODS—OWNERSHIP OF BUILDING ENTERED, HOW ALLEGED AND PROVED—CHANGE OF VENUE—ACCOUNTING FOR POSSESSION OF STOLEN GOODS, WHEN SHOULD ACQUIT.

1. Under the provisions of sec. 2926 Rev. Stat., relative to change of venue in criminal cases the application for such change is addressed to the sound discretion of the trial court, and a refusal of such an application will not be held as error by the appellate court, unless it appears from the facts presented that the court acted unfairly, and was guilty of a palpable abuse of sound discretion; and where the change is sought upon the ground of alleged prejudice against the accused on the part of the inhabitants of the county, this court can not declare that any such reversible abuse of discretion has been committed when the facts urged as a necessity or reason for the change of venue, in the application therefor, have no other support than the bare affidavit of the accused applicant therefor.

2. Where the accused makes and files an affidavit for continuance of a criminal cause against him, and subsequently, in his statement under oath on the trial of another criminal cause against him, makes assertions that conflict, or are materially inconsistent with the statements made in such affidavit for continuance, the latter is admissible in evidence to rebut the former.

3. Where a party who is found in possession of goods recently stolen *directly* gives a *reasonable* and *credible* account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted; and the jury are the sole judges of the reasonableness and credibility of the account given.

4. Where an indictment for the crime of entering a building, room or office with intent to commit larceny, alleges the *ownership* of the office entered to be in A., if the proof shows that A. occupies such office as a tenant or lessee of the real owner, it is sufficient to sustain the ownership as laid in the indictment. In this class of cases, as in larceny, proof of *special* or *temporary* ownership, possession or control, such as a *lessee* would

| | |
|---|---|
| 35 | 171 |
| 35 | 183 |
| 35 | 185 |
| 35 | 244 |
| 35 | 171 |
| 36 | 96 |
| 36 | 379 |
| 35 | 171 |
| 40 | 482 |
| 40 | 525 |
| 35 | 171 |
| f41 | 639 |
| 35 | 171 |
| 42 | 522 |
| 35 | 171 |
| 46 | 123 |
| ·35 | 169 |
| 50 | 500 |
| 35 | 171 |
| d51 | 40 |
| 35 | 171 |
| 55 | 10 |
| 35 | 171 |
| 56 | 79 |
| 35 | 171 |
| 58 | 5 |
| 58 | 108 |
| 59 | 64 |

have over the room in which the crime was committed, is suf-
ficient to sustain an allegation in the indictment that such
lessee was the owner.

.5. If the court gives an erroneous instruction at the defendant's re-
quest, he is left with nothing to complain of if the court sub-
sequently corrects the error committed in his favor and at his
request, by giving a correct instruction upon the same point.

Writ of Error to the Circuit Court for St. Johns
county.

The facts of the case are stated in the opinion of the
court.

*F. W. Pope* and *M. C. Jordan*, for Plaintiff in Er-
ror.

The Attorney-General for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, at the Fall term, 1894, of the
Circuit Court for St. Johns county, was indicted, tried
and convicted of the crime of entering a building with
intent to commit a misdemeanor, to-wit: the crime of
larceny of property below the value of $100, and was
sentenced to confinement in the State prison for one
year. From this judgment he comes to this court upon
writ of error.

There was no error, as is contended for, in the ruling
of the court below refusing the defendant's application
for a change of venue. The affidavit of the defendant
in support of his application for a change of venue was
the only evidence produced to the court to establish
the necessity urged for such change. The application
was based upon the alleged belief of the defendant that
he could not obtain a fair and impartial trial in St.
Johns county because of the alleged fact that public

sentiment in said county was very strongly against him, and that there was great bias and prejudice against him among the people of said county, brought about by publications in the newspapers published in said county and in the Jacksonville daily papers, and in the New York World charging him with being a "diamond thief," and a "hotel thief," and as being a person who should certainly be convicted and sent to State's prison; and that said newspapers have a good circulation, and that all of said publications tended to influence public sentiment against him; that this feeling was so strongly manifest against him that at the last term of said Circuit Court he was tried upon a similar charge and found guilty by a jury without any evidence whatever of the truth thereof, without regard to law or evidence, and as a result of said bias and prejudice against him, which verdict of conviction the Circuit Court promptly set aside on his motion therefor.

Section 2926, Revised Statutes, provides that "when it shall appear *to the satisfaction of the court* by affidavit that a fair and impartial trial can not be had in the county where the crime was committed, the court may direct the accused to be tried in some adjoining county where a fair and impartial trial may be had, but the accused shall be entitled to but one change of the place of trial."

This court has repeatedly held that, under this statute, applications for changes of venue are addressed to the sound discretion of the court, and that the refusal of such applications will not be held as error, unless it appears upon the facts presented that the court acted unfairly and was guilty of a palpable abuse of sound discretion. McNealy & Roulhac vs. State, 17 Fla. 198; Irvin vs. State, 19 Fla. 872; Greeno vs. Wilson, 27 Fla. 492, 8 South. 723.

The affidavit of the accused was the only evidence offered to show that there had been in fact any adverse newspaper criticisms or comments, and we do not think that the court's refusal can be said to have been an abuse of its discretion in such cases when the facts urged as a necessity for the change of venue have no other support than the bare affidavit of the accused. Adams vs. State, 28 Fla. 511, 10 South. 106. From the facts shown upon the defendant's application for a change of venue we can not say that in its refusal by the court below there is any such palpable abuse of that sound discretion with which the court is vested in such cases as that we can pronounce it error.

The second error assigned is that the court below erred in compelling the defendant to go to trial of this cause while another cause of the State of Florida against him, in which he was charged with larceny of the property of one Annie Shepard exceeding one hundred dollars in value, was still on trial, to-wit: while the jury in said other cause was considering of their verdict therein.

The objections raised by the defendant to going into the trial of this cause were, 1st. That the jury in the case of the State against him for larceny of the property of Annie Shepard had just retired to their room to consider of their verdict, and that he could not properly meet the charge in the present case while he was still upon trial in another case; 2nd, That in being compelled to go into the trial of this case he would be deprived of the benefit of the full panel of petit jurors and would be thereby prejudiced; 3rd, Because it is improper, unlawful and incompetent to compel him to submit to being tried in two different cases, upon two different indictments at one and the same time.

There is nothing in the record before us, except these stated objections and the ruling of the court thereon overruling same, to show that, in point of fact, the defendant was forced into the trial of the present case while a jury were still out considering their verdict in another criminal case against him in the same court; and as every presumption is in favor of the correctness of the rulings of the court below, where they depend for their propriety upon the existence or non-existence of facts not properly disclosed by the record, we can not declare this ruling to be error because there is nothing properly in the record to show us that the defendant was in fact put upon trial in this case before the final conclusion of another criminal trial to which he had been subjected in another case before the same court.

The third assignment of error is upon the admission of the evidence of one Joseph Lynn at the trial. The evidence objected to was, in substance, that he, Lynn, went on the same train with the defendant from St. Augustine to Jacksonville, and was present when the defendant was arrested in Jacksonville by the police. That the police took out of defendant's pocket some silver money and a check, and placed them on a table; the defendant placed his hand over them, saying: "Gentlemen, you can not take my money from me in this way." The policeman took his hand away from where it was immediately, but the check was gone; his pockets were searched, but it could not be found, that is, the check; no one could tell where it had gone or what had become of it; I did not see where the check went to. There was no error in admitting this evidence. The proof was that the defendant checked a trunk in St. Augustine for Jacksonville. In this trunk the stolen property was found. This proof

tended to show a concealment by the defendant of the check by which his trunk could be easily and quickly identified, and was relevant, because it tended to establish intentional concealment of the stolen goods. The court, after the defendant had made his statement under oath in his defense, permitted the introduction in evidence by the state of an affidavit for continuance made by the defendant in another of the cases pending against him in the same court. This affidavit was introduced as rebuttal evidence to the statement of the defendant. If there is anything material in the affidavit that conflicts with the statement of the defendant under oath it was not improper to have admitted it as rebuttal evidence. Newton vs. State, 21 Fla. 53. We fail to discover, however, anything in it that materially conflicts with anything in the defendant's statement under oath, except it be that in his statement under oath he attempts to show that Helme Anna Vogt was the thief, if any one, who stole the goods proved in this case to have been stolen, and that the trunk found in his possession, that contained the stolen goods, belonged to her, and was turned over to him by her for safe keeping and for shipment to Jacksonville; while his affidavit for continuance asserted her to be a material absent witness for him by whom he could prove that the trunk and certain railroad tickets found in his possession were the property of said Vogt and were delivered to him by her, etc. We can not see any conflict in the two statements, but on the contrary the affidavit is consistent with the statement under oath, and the statement under oath is practically a reiteration of the prior made affidavit for continuance; but while the affidavit may have been improperly admitted as not being in rebuttal, yet we can not see how its admission could possibly have injured or prejudiced

JANUARY TERM, 1895.          **177**

John Leslie, alias, etc., v. The State of Florida.—Opinion of Court.

the defendant in any way.  If, as before stated, it contained anything inconsistent with or in conflict with his sworn statement, then it was proper to introduce it in rebuttal of such statement; but if it, as an affidavit of his own making, is only a re-iteration of his sworn statement, we can not see how its admission injured him in anyway, and its introduction was, therefore, harmless error.

The State, also as rebuttal to the sworn statement of the defendant, introduced B. F. Oliveres, clerk of the court, as a witness who testified that along with the above mentioned affidavit of the defendant for a continuance of another case, some interrogatories were filed, but that no commission was ever issued by him to take any testimony upon said interrogatories, because he had written to the defendant's counsel for his fees for its issuance, and had not received any reply. The introduction of this evidence is assigned as error. We do think there was error here; the evidence tended to disprove the defendant's assertion that the guilt laden trunk found in his possession had been turned over to him by the absent Helme Vogt, as it tended to show a want of good faith in his desire to procure her testimony by interrogatories and commission, as he could have done under the law, had she been a real person residing at the address asserted for her by him in his accompanying affidavit for continuance.

The sixth assignment of error is the refusal of the court to give the following instruction requested by the defendant: "When stolen property is found in the possession of a person, and such person gives a reasonable account of how he came by such property, or how it came into his possession, by stating that such person gave it to him, it then becomes the duty

of the State to prove that this explanation is not true; and if the State fails to do this the jury should find the defendant not guilty, unless there is evidence in the case otherwise showing the defendant's guilt beyond all reasonable doubt.''

There was no error in the refusal of this charge as framed. It states the rule inaccurately and too broadly; and, from its praseology, incorrectly gives the jury, as an unqualified cammand of the law, the instruction to acquit the defendant if *his* account of how he came by the possession of the stolen goods is a *reasonable* account, whether that account is *credible* or is *believed by the jury* or not, or whether it raises a reasonable doubt in the minds of the jury or not, unless it is *proven* by the State to be untrue. The true rule is that, where a party who is found in possession of goods recently stolen *directly* gives a *reasonable* and *credible* account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be, not only *reasonable*, but it must be *credible* or enough so to raise a reasonable doubt in the minds of the jury, who are the judges of its *reasonableness* and *probability* as well as of its *credibility*. The account given may be reasonable and highly plausible, and yet the jury may not believe a word of it to be true. In the latter case they would have the right to convict, upon the evidence furnished by the possession of the stolen goods alone, even though the State had not put in any proof directly to prove the falsity of the account given. The account given by the possessor of goods recently stolen as to how he acquired such possession, must not only be *reasonable*, but it must be

JANUARY TERM, 1895.          179

John Leslie, alias, etc., v. The State of Florida.—Opinion of Court.

*credible* or enough so to raise a reasonable doubt in the minds of the jury, before it casts upon the State the burden of proving its falsity; and the jury are the sole judges of its reasonableness and credibility.   Dillon vs. People, 1 Hun. 670; Dillon vs. People, 4 N. Y. Sup. Ct. 203; Jones vs. State, 30 Miss. 633; Price vs. Commonwealth, 21 Gratt. (Va.) 846; Garcia vs. State, 26 Tex. 209; Regina vs. Crowhurst, 47 Eng. C. L. 370; Belota vs. State, 36 Miss. 96; Blaker vs. State, 130 Ind. 203.

The seventh assignment of error is the court's refusal to give the following instruction requested by the defendant:   "If the jury find from the evidence that the room described in the indictment, as stated by the the accused, was one of the rooms of the Ballard building, and that building contained several rooms, and that said building was in the possession of one Mrs. Braithwaite and that she used a number of the rooms for housekeeping and dwelling purposes, and simply rented the remaining one to Dr. L. Alexander, and is used by him as a business office, then such room would not be the property of said Alexander, and this fact alone would require a verdict of not guilty in this case."   There was no error in refusing this instruction.

The indictment charges that the defendant "did then and there enter a certain building there situate, to-wit: an office, the property of one L. Alexander with intent," etc.   The proof shows that the building belonged to some other person than Alexander, but that he rented one room therein and occupied it as an office. The law is well settled that under these circumstances the ownership of the office entered is property alleged to be in him, and that proof that he simply occupies it as a lessee is sufficient to sustain the ownership as laid in the indictment.   In this class of cases, as in

cases of larceny, the only necessity for any allegation as to *ownership* is for the sake of, and as part of the *description* of the offense, and proof of *special* or *temporary* ownership, possession or control, such as a lessee would have over the room in which the crime was committed. is sufficient to sustain the allegation in an indictment that such lessee was the owner. Commonwealth vs. Bowden, 14 Gray (Mass.), 103; People vs. St. Clair, 38 Cal. 137; Commonwealth vs. Thompson, 9 Gray (Mass.) 108; Houston vs. State, 38 Ga. 165; White vs. State, 49 Ala. 344; Kennedy vs. State, 31 Fla. 428, 12 South. 858.

The eighth assignment of error is the giving of the following charge by the court: "The exclusive possession of stolen property by the prisoner soon after the theft, the property being shown by the evidence to have been stolen from a building entered, such possession unexplained, is sufficient to warrant a conviction of the offense charged."

There was no error in giving this charge. The propriety of the proposition laid down in the charge is abundantly sustained by the decision of this court in Tilly vs. State, 21 Fla. text 249, and authorities there cited. It is further contended that this charge was erroneous because it conflicted with a previous charge upon the same point that was given by the court at the defendant's request. It is quite true that the charge quoted does lay down a proposition of law distinctly contrary to the one contained in a former instruction. given at the defendant's request, but the answer to this is that the first charge given on the point at the defendant's request and in his favor, was erroneous, and the charge quoted, given subsequently, was but a correction of the error into which the court had fallen in. giving the former charge at the defendant's request.

If the court gives an erroneous instruction at the defendant's request he is left with nothing to complain of if the court subsequently corrects the error committed in his favor and at his request, by giving a correct instruction upon the point involved.

The ninth and tenth assignments of error are the giving of the following charges to the jury: "The process of the State of Florida to compel the attendance of witnesses does not run beyond the limits of the State, and the attendance of witnesses beyond the limits of the State can not be compelled." "The Constitution of the State requires the prosecution to produce the witnesses against the defendant face to face with him. Under the laws of this State a defendant in a criminal case can have a commission issued and the testimony of an absent witness taken on deposition. The State can not do this."

We do not think there was any error in giving these instructions. The defendant by his own statement under oath undertook to explain his possession of the stolen goods by asserting that he got them from another person then absent in New York; there was no impropriety in the court's informing the jury that under the law the State was powerless to procure, on its behalf, the evidence of witnesses beyond the confines of the State, but that the defendant had in his power to do so on his behalf. Storer vs. People, 56 N. Y. 315.

The twelfth assignment of error is the giving of the following charge: "Proof that a room in the building was entered with an intent to commit the misdemeanor charged, such room being used for an office and in the possession of L. Alexander, would sustain the charge in the indictment of the building being the property of L. Alexander.

There was no error in giving this instruction; it was in consonance with the principles discussed above in disposing of the *seventh* assignment of error.

The eleventh and thirteenth assignments of error are abandoned here.

The thirteenth and fourteenth assignments of error are that the verdict of the jury was contrary to the evidence and contrary to law.

As we have seen there were no errors in the instructions of law given; and, without discussing the details, we think that the evidence was sufficient to sustain the verdict both in fact as well as in law. What we have said disposes of the sixteenth assignment of error—the refusal of the defendant's motion for new trial.

There is no merit in the seventeenth and last assignment of error—the overruling of the defendant's motion in arrest of judgment, assailing the sufficiency of the indictment. The indictment charges the offense fully in the language of the statute, and is sufficient. Finding no error in the record the judgment below is affirmed.