MARVIN DEES and G. W. DEES, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed May 17, 1930.

*W. P. Chavous,* for Plaintiffs in Error.

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

The plaintiffs in error, defendants below, were convicted in the circuit court of Lafayette County, upon an indictment charging them jointly with breaking and entering a storage house with intent to commit a misdemeanor —*petit* larceny—and each was given a sentence of two years in the State prison.

The only assignment of error presented here is based upon the overruling of the motion for new trial, and the only ground of the motion for new trial insisted upon is that the verdict is contrary to the law and weight of the evidence. Under this assignment, defendants contend that there was no evidence to show that E. L. Earl was the owner or that he was in the exclusive possession of the storage house alleged to have been broken and entered.

The evidence shows that the storage house is on the farm which E. L. Earl rents and has in charge and that he uses it for storing his peanuts, hay and peas. The Earls kept the front door of the house closed up and fastened with a chain through a hole in the wall and at the time the two back doors were closed and fastened.

In the case of Leslie v. State, 35 Fla. 171, 17 So. R. 555, it was held that where an indictment for the crime of entering a building with intent to commit larceny alleges the ownership of building to be in A, if the proofs show that A occupies the building as a tenant or lessee of the real owner, it is sufficient to sustain the ownership as laid in the indictment. In the case at bar, E. L. Earl is alleged in the indictment to be the owner and the un-

disputed evidence shows that he is a lessee or tenant in full possession and control. In this class of cases the only necessity for any allegation as to the ownership is to serve as part of the description of the offense, and the proof of special or temporary ownership, possession or control is sufficient to sustain the indictment as to ownership. Leslie v. State, *supra;* Tilly v. State, 21 Fla. 242; Collingsworth v. State, 93 Fla. 1110, 113 So. R. 561; Kirtsinger v. State (Fla.), 126 So. R. 767.

The only defense offered was what is known in law as an *alibi;* that is, at the time of the commission of the crime alleged in the indictment, the defendants were at a different place; and if at a different place they could not have committed it. Blackwell v. State, 79 Fla. 709, 86 So. R. 224, 15 A. L. R. 465.

The trial court charged upon this issue of the case and the jury evidently did not believe the testimony offered by defendants' relatives and friends on that issue. All evidence bearing upon that point is for the consideration of the jury, and it is sufficient to acquit, if it raises a reasonable doubt in the minds of the jury that the defendants were present at the time and place of the commission of the crime charged. Caldwell v. State, 50 Fla. 4, 39 So. R. 188.

In this case the two defendants were recognized and identified that night by Mrs. Earl and Pearlie Mae Earl, who had known them for several years, at the time the defendants ran from the storage house which had just been broken and entered. They had just followed the tracks of the defendants from a truck, belonging to one of the defendants parked in the woods near the broken-open building, which was identified, and the explanation given of its presence there by the owner was not reasonable and evidently not believed by the jury. It could serve no useful

purpose to discuss other phases of the evidence, other than to state it is ample to sustain all the essential elements of the offense charged, and the jury could not have reasonably found any other verdict.

There being no error, the judgment of the trial court should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the Court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.