KANNER, Judge.
The defendant, Clarence Jones, Jr., was convicted of the offense of robbery and sentenced to the state prison for a term of seven years. Represented by counsel throughout the trial, the defendant himself has prosecuted the appeal, brought before this court under his assertion that he has been wrongfully accused and convicted.
The robbery was committed upon one Lovette, assistant manager of Super-Test Oil Company, while he was engaged in his work at a filling station of that company. The deed transpired at approximately 10 o’clock at night. A pistol was used; Lovette was assaulted and severely injured; and the robber’s yield was $51 in cash.
Defendant offered the defense of an alibi. That defense means that at the time of the commission of the criminal offense charged in an information or an indictment, the accused was at a different place; and if at a different place, he could not have committed the crime. More tersely defined under common usage, He just wasn’t there, so he couldn’t have done it. Dees v. State, 1930, 99 Fla. 1144, 128 So. 485; and Blackwell v. State, 1920, 79 Fla. 709, 86 So. 224, 15 A.L.R. 465.
To support his defense, defendant offers explanation to the effect that, at the time of the offense involved, he was visiting in the home of a girl friend enjoying a quiet evening of entertainment through the medium of television programs. He elaborates on this by naming the programs, “The Rebel”, ending at 9:30 p. m., followed by “The Alaskan.” At the conclusion of the program, “The Rebel”, he went from his friend’s home to a place called Marcus’ Bar, arriving about ten minutes before ten and staying there until about 12:30.
In order for one to avail himself of the defense of an alibi, that defense must cover the entire time when the presence of the accused was required for accomplishment of the crime. If this defense raises a reasonable doubt in the minds of the jury as to whether or not the defendant was present when the crime was committed, this is sufficient for acquittal. On the other hand, when the proof of an alibi depends upon the credibility of the witnesses and the weight of the evidence, it must be the jury who determines whether or not the evidence raises such a reasonable doubt. Caldwell & Larkins v. State, 1905, 50 Fla. 4, 39 So. 188; Johnston v. State, 1937, 127 Fla. 100, 172 So. 708; and Flowers v. State, 1943, 152 Fla. 649, 12 So.2d 772.
Unfortunately for the defendant, his defense that he wasn’t there and so couldn’t have done it became the subject of contrary testimony offered by the state that at the time of the deed charged, the defend *756 ant was at the mentioned gasoline station and committed the mentioned crime. The jury chose not to accept the version of the defendant but believed that presented by the state. The trial judge appropriately charged the jury, including a charge on the defense of alibi. It was a question of whom the jury would believe. The evidence amply supports the verdict.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.