PER CURIAM.
Appellant was informed against, charged with breaking and entering a dwelling and grand larceny, tried without jury in the criminal court of record in Dade County, found and adjudged guilty on both counts, and received concurrent sentences of confinement for two and a half years. The questions presented on his appeal are whether an article found in his possession was sufficiently identified as a recently stolen article, and if so, whether his explanation of possession was reasonable and credible.
A motel room occupied by Mrs. Esther Mitchell was broken into while she was out to dinner, and a Ronson ladies’ electric shaver and a mink jacket belonging to her were taken. Later the same evening the appellant was taken into custody and his apartment searched with his permission. There was a conflict in the evidence as to permission for the search which the trial judge resolved in favor of the state. The search revealed a hidden Ronson ladies’ electric shaver. At the trial it was received in evidence after identification by Mrs. Mitchell. The razor had no number or marking which could be pointed to, hut Mrs. Mitchell testified definitely it was her razor. In explanation of his possession, the appellant had said he had owned *279 the razor for some years and also said he had received it that evening in pawn from an unnamed individual.
The razor found in possession of the appellant was sufficiently identified as the one recently stolen and the offered explanation was not reasonable in the circumstances. See Leslie v. State, 35 Fla. 171, 17 So. 555, 557.
The decisions relied on by appellant in disputing the sufficiency of the identification of the electric razor (Heath v. State, 97 Fla. 330, 120 So. 846, and Smith v. State, 139 Fla. 558, 190 So. 696) are not applicable to the facts of this case. In the Heath case which involved larceny of a heifer the Supreme Court reversed a conviction holding identification of the animal was insufficient, where “[o]ne set of witnesses testified positively to the identity of this young animal, which was unmarked, as being the property of Mrs. Tyre. The other set of witnesses testified just as positively, identifying the animal as the property of Heath.” The Smith case was similar, where evidence of identity of a hog was opposed by “evidence produced from several disinterested and un-impeached witnesses” that the accused had purchased the animal from the true owner thereof in the regular course of business.
In the instant case no such conflicting testimony was present. Here the only element to detract from the otherwise positive identification of the razor by the State’s witness was the fact that it was unmarked. The trial court was justified in accepting the identification made by Mrs. Mitchell as sufficient, notwithstanding the absence of a mark on the razor, in view of circumstances established in the record that it was not a man’s razor, that the place where it was found in the appellant’s apartment was not one where it would be expected to be kept if owned and used by the appellant, and that his attempted explanation of its possession was conflicting and otherwise improbable. An added circumstance which appeared in evidence was that a codefendant who was apprehended was found to be in possession of the stolen mink jacket, and the two men were shown to have been together that evening.
No reversible error having been made to appear, the judgment is affirmed.
Affirmed.