BARNS, PAUL D., Associate Judge.
The defendant-appellant, Wilbur Dixon, appeals from a conviction and sentence on two counts, one for breaking and entering with intent to commit a felony, and one for stealing property of a value of more than $100.00. He was tried before a jury. No motion for a new trial was made. The appellant at trial and on this appeal was represented by the public defender. We affirm.
The first assignment of error argued is that the court committed prejudicial error in instructing the jury that: “The proof of an alibi, to be sufficient, must include and cover the entire time when the presence of an accused was required to commit the offense charged.” (Tr. Page 154)
Although opportunity for objection to this and other instructions to the jury was tendered to counsel at trial, no objection was made in the trial court to this or any other instruction. However, since this language of this instruction seems to have been lifted literally from Jones v. State, Fla.App.1961, 128 So.2d 754, cited in footnote 19 of 21 Am.Jur.2d, Criminal Law, § 136, we are prompted to give it consideration for reasons hereinafter stated.
The language “the evidence of an alibi must cover the whole time when the presence of the accused was required” appears in Tilly v. State, 1885, 21 Fla. 242, Bacon v. State, 1886, 22 Fla. 51, next in Adams v. State, 1891, 28 Fla. 511, 10 So. 106; Blackwell v. State, 1920, 79 Fla. 709, 86 So. 224, 15 A.L.R. 465 (and in other decisions); and lastly in Jones v. State, Fla.App.1961, 128 So.2d 754. Cf. 21 Am.Jur.2d, Criminal Law, § 136, footnote 19.
The language of the instruction assigned as error appears to exact more than the law requires or else lacks sufficient clarity of the standard exacted to be admissible in evidence of an alibi.
ALIBI
(Suggested Charge to Jury)
When a defendant raises the defense of an alibi by material and competent evidence it is believed that the following instruction to the jury more correctly states the law and would more likely avoid any ambiguity or *742 question of law created by the language of the cases above cited, viz.:
“A defendant may submit evidence that he could not have committed the crime, because he was not present at the place and time where and when it would have been necessary for him to be present in order to be guilty of the crime charged. Such proof constitutes an alibi. If, from all of the evidence, you have a reasonable doubt he was present, you must acquit.”
Our conclusion of the statement of law governing alibi in a charge to a jury is based on the following authorities. 1 Wig-more on Evidence, 3rd Ed., § 136 states:
“§ 136. Alibi. The theory of an alibi is that the fact of presence elsewhere is essentially inconsistent with presence at the place and time alleged, and therefore with personal participation in the act. Thus, the evidentiary fact is a new affirmative proposition, considered as a ‘factum probandum,’ though its logical operation is a negative one:
“Ante 1726, Gilbert, C. B., Evidence, 145: ‘[The proof of an opponent] is not properly the proof of a negative, but the proof of the same proposition totally inconsistent with what is affirmed; * * * as if the defendant be charged with a trespass, * * * and if the fact be proved, he can only prove a proposition inconsistent with the charge, and that he was at another place at the time when the fact is supposed to be done, or the like.’
“1762, FOSTER, J., Crown Law, 3d ed. 368: ‘If it [alibi] appeareth to be founded in truth, it is the best negative evidence that can be offered. It is really positive evidence which in the nature of things necessarily implieth a negative.’
“1850, SHAW, C. J., in Com. v. Webster, 5 Cush. 295, 318; Bemis’ Rep. 369: ‘When a fact has occurred, with a series of circumstances preceding, accompanying, and following it, we know that these must all have been once consistent with each other; otherwise the fact would not have been possible. Therefore, if any one fact necessary to the conclusion is wholly inconsistent with the hypothesis of the guilt of the accused, it breaks the chain of circumstantial evidence, upon which the inference depends; and, however plausible or apparently conclusive the other circumstances may be, the charge must fail. Of this character is the defence usually called an alibi; that is, that the accused was elsewhere at the time the offence is alleged to have been committed. If this is true, it being impossible that the accused could be in two places at the same time, it is a fact inconsistent with that sought to be proved, and excludes its possibility.’
“It is obvious that the alibi argument is relevant only for disproving personal participation (in a broad sense) in the act, and does not affect an alleged cooperation as principal, ordering the act elsewhere by an agent. (Just what modifications might be necessary in the alibi argument where action is predicated at a distance without an agent but through thought-transference, may be left for determination until the practicability of such action is judicially accepted.)
“The only question of a rule of admissibility that seems to arise is whether the alibi must be such as absolutely to preclude the possibility of presence at the alleged time and place of the act. It is sometimes said that this much must be shown. Such expressions, however, seem in truth to refer only to the weight of the alibi argument, by pointing out that it falls short of complete proof except on those conditions. If they were intended to mean anything more, they are clearly unsound, and would exclude nine alibi arguments out of ten.
“Even as affecting the weight of the argument (with which we have in this place no concern), such statements seem erroneous; for an alibi may not involve absolute impossibility, but only high improbability, and yet be convincing *
*743 Of the three cases quoted from by Wig-more noted above, the case Commonwealth v. Webster, authored by Lemuel Shaw as Chief Justice of the Supreme Judicial Court of Massachusetts, is recommended for reading, if available, because of his usual high quality of opinion draftsmanship.
It is our conclusion that evidence of an alibi is admissible for the jury’s consideration and evaluation when it falls short of complete proof of absolute impossibility of the accused’s presence at the alleged time and place of the act. Cf. footnote 3., 1 Wigmore on Evidence, 3rd Ed., § 136, p. 571.
The defendant presented no positive or direct evidence of an alibi and the state presented direct, positive and affirmative evidence that the appellant was present and participated in the crimes charged.
The Florida Appellate Rules do not contain a specific rule on harmless error; however, the Rules are not all-comprehensive. Section 59.041, F.S.1967, F.S.A. provides:
“59.041 Harmless error; effect
“No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.”
After an examination of the entire case, and after giving full consideration to it and the foregoing statute, it is our conclusion that even in the event the charge on the law governing an alibi was erroneous, it has not “resulted in a miscarriage of justice”, and the assignment is not well grounded; if error, it was harmless error.
The appellant’s second point is addressed to an instruction to the jury as follows :
“I further charge you, Gentlemen, with reference to the possession of recently stolen goods, that where it is shown beyond a reasonable doubt that a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with an intent to steal; such possession, unexplained, may warrant the Jury to infer guilt of the crime of entering the building with intent to steal. The guilt of the accused does not follow as a presumption or a conclusion of law from the unexplained possession of the property recently stolen, but an inference of guilt, as a matter of fact, may be drawn therefrom by the Jury to be considered by them in connection with all other evidence.”
We assume the foregoing instruction is the one appellant’s counsel relies on for reversal, even though it is not copied into his brief, as he might well have done for our need. It is quite helpful to the adversary, as well as to the court, to know the exact subject matter to which the appellant’s brief is directed.
The foregoing instruction to the jury is substantially the same as the jury instruction involved in Young v. State, Fla.App. 1967, 203 So.2d 650, holding the instruction of the trial court to be in conflict with Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Upon certiorari, the Supreme Court held that Miranda, supra, had no application and quashed the district court’s judgment and remanded the case to it for further consideration. State v. Young, Fla.1968, 217 So.2d 567, (per Justice Roberts).
As stated in State v. Young, supra:
“In the case of possession of recently stolen goods, however, the inference that the possessor is the guilty taker is so strong that the rules of evidence permit *744 the jury to return a verdict of guilty on this one circumstance alone if the defendant allows it to go to the jury either unexplained or with an explanation that is so palpably unreasonable and incredible that the jury rejects it entirely. Leslie v. State, supra [35 Fla. 171], 17 So. 555. This is not a rule of recent vintage. As pointed out in the decision here reviewed, it was developed, from the reason and experience and common understanding of men as a part of the common law of England, Regina v. Langmead, 169 Eng. Repr. 1459, from which we derived it.”
The holding in State v. Young, supra, is supported by 1 Wigmore on Evidence, 3rd Ed., § 152, p. 598:
“§ 152. Possession of Stolen Chattels. On a charge of taking goods, the fact that A was found, subsequently to the taking, in possession of the goods taken is relevant to show that he was the taker. It is true that several other hypotheses are conceivable as explaining the fact of his possession; nevertheless the hypothesis that he was the taker is a sufficiently natural one to allow the fact of his possession to be considered as evidentiary. There has never been any question of this :
“1866, POLLOCK, C. B., in R. v. Exall, 4 F. & F. 922 (burglary; the three accused were seen near the place on the night in question, and the next morning the watch was found on Exall) : ‘The law is that, recently after the commission of the crime, a person is found in possession of the stolen goods, that person is called upon to account for the possession, — that is, to give an explanation of it which is not unreasonable or improbable. The strength of the presumption which arises from such possession is in proportion to the shortness of the interval which has elapsed. If the interval has been only an hour or two, not half a day, .the presumption is so strong that it almost amounts to proof, because the reasonable inference is that the person must have stolen the property; in the ordinary affairs of life, it is not probable that the person could have got possession of the property in any other way. * * * Such evidence is, no doubt, not conclusive. As an illustration of this, I may mention that I remember hearing the late Baron Gurney say that he once picked up something lying in the road and observed, “ ‘Now if this has been stolen and I am found with it, I might be charged with the robbery.’ ” The other circumstances in the case, however, will always aid or rebut the presumption, and it is not the less evidence because it is not conclusive evidence. It is some evidence, if its weight depends upon the circumstances, and especially on the nature of the possession, whether it is open and avowed or secret and concealed, and what is the nature of the account given of it. What the jury have to consider in each case is, what is the fair inference to be drawn from all the circumstances before them, and whether they believe the account given by the prisoner is under the circumstances reasonable and probable or otherwise.’ ”
An instruction to the jury that a person in itnexplained possession of property recently stolen permits an inference of guilt of stealing is not proscribed by Miranda, supra, nor the Fifth Amendment. State v. Young, supra; United States v. Williams, 4 Cir. 1968, 405 F.2d 14, (per Judge Sobeloff) held:
“It was to offset this intimidating feature of custody that the Court fashioned the procedural requirements of Miranda, at the same time denying any intent to ‘hamper the traditional function of police officers in investigating crime.’ The Court was careful to state that ‘ [g] eneral on-the-scene questioning as to facts surrounding a crime * * * is not affected by our holding.’ 384 U.S. at 477, 86 S.Ct. at 1629.
<( * * *
*745 “The appellant presents yet another closely related version of his Fifth Amendment claim. It runs as follows— he claims that since a defendant in a criminal trial has an absolute right not to testify, his failure at trial to explain possession of the property cannot be relied on to support an inference of guilt. Williams thus apparently considers the inference arising from unexplained possession of stolen property to be an unconstitutional burden on the exercise of his right not to testify.
“If the challenged inference could fairly be regarded as a comment by the prosecution on Williams’ failure to testify it would indeed be invalid. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The Supreme Court and lower federal courts, however, have construed the inference as one arising from ‘the absence of explanatory evidence’ of any kind. Dunlop v. United States, 165 U.S. 486, 502-503, 17 S.Ct. 375, 41 L.Ed. 799 (1897); United States v. Luciano, 343 F.2d 172, 174 (4th Cir. 1965). The inference is derived from the weight of the evidence and not from the defendant’s failure to take the stand. Evidence which leaves unexplained the possession of recently stolen property may give rise to an inference of guilt. The trier of fact may accept or reject the inference, which does not affect the presumption of innocence or alter in any way the prosecution’s burden of proof. It represents nothing more than a rational conclusion based on circumstantial evidence, and this is not forbidden by common sense or the Constitution.”
The judgment appealed is—
Affirmed.
OWEN, J., concurs.
CROSS, J., concurs in conclusion.