PER CURIAM.
By information the appellant was charged with breaking and entering a building (Suite 1114 at 200 Biscayne Boulevard Way, “property of Hiram Walker, Incorporated, as owner, tenant or lessee”) with intent to commit a felony, to wit: grand larceny. He was tried without a jury, and was found and adjudged guilty of the lesser included offense of breaking and entering a building with intent to commit a misdemeanor, to-wit: petit larceny, for which he was sentenced to confinement in the county jail for 364 days, with recommendation that he be placed in a vocational training program.
Appealing therefrom the defendant argues the trial court erred by denying his motion for acquittal made at the close of the evidence, on the ground that the evidence was insufficient to sustain the conviction, contending the state failed to fur *631 nish proof as required of the allegation as to ownership of the premises by the party named in the information.
Upon consideration thereof in the light of the record and briefs we hold the trial court did not commit error in denying the motion for acquittal. See Leslie v. State, 35 Fla. 171, 17 So. 555, 558; Dees v. State, 99 Fla. 1144, 128 So. 485; Sifford v. State, Fla.App. 1967, 202 So.2d 14. Here there was testimony of three witnesses presented by the state from which the trier of the facts could, and no doubt did find that the office premises which were broken into were used and occupied by the party alleged. That was sufficient. Sifford v. State, supra.
No reversible error having been shown, the judgment is affirmed.