BERANEK, Judge.
This case presents the question of whether the following jury instruction constitutes prejudicial error:
Proof of unexplained possession by the defendant of property recently stolen may justify a conviction of larceny of that property if the evidence of the taking and the circumstances of the possession, when considered in the light of all of the evidence in the case convince you beyond a reasonable doubt that the defendant committed the crime.
The above charge was given over objection in defendant’s trial and conviction of grand larceny. Defendant elected not to take the stand and now asserts this charge to be error. In view of State v. Young, 217 So.2d 567 (Fla.1968), we have no alternative and hold the instruction to be free from error. This Court has previously followed the Young decision in Dixon v. State, 227 So.2d 740 (Fla. 4th DCA 1969).
Were we not bound by the aforementioned Supreme Court decision, we might well reconsider this entire question. The dissent in Young, written by Justice Thor-nal and concurred in by two others express *676 es a contrary view. This dissent holds that “any possession” rather than “unexplained possession” will support the inference of guilt. This view was based on the “newly recognized constitutional protections,” stated in Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We now have over a dozen years’ experience with these newly recognized principles and would urge reconsideration by modification of the instruction as suggested in the dissent.
The judgment below is affirmed on authority of State v. Young, 217 So.2d 567 (Fla.1968).
AFFIRMED.
DAUKSCH and LETTS, JJ., concur.