378 So.2d 313 (1980)
Johnny Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2694/T4-336.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
COBB, Judge.
Appellant, defendant below, was convicted of burglary of a dwelling and robbery. A pocket knife, identified as the stolen property of the victim, was found on the premises where defendant was apprehended by the police several hours after commission of the offenses. The defendant's fingerprints were found in the burgled apartment of the victim.
At trial, the defendant did not testify but relied solely on the testimony of an alibi *314 witness who testified as to his whereabouts at the time the offenses were committed.
During closing argument the prosecutor said:
"How do you explain the fingerprints, if in fact he wasn't the man that was in that apartment? The answer to that  there is no explanation."
The defendant objected and moved for a mistrial. The Court took the objection and motion under advisement, subsequently denying the motion and, by implication, overruling the objection.
The defendant contends that this was improper prosecutorial comment on his failure to testify. The state contends, and we agree, that this was a proper reference to the evidence as it existed before the jury and that it was the prosecutor's duty to point out the absence of evidence on any issue. White v. State, 377 So.2d 1149 (Fla. 1979); State v. Jones, 204 So.2d 515 (Fla. 1967). Indeed, if a prosecutor could not make fair comment on the fact that the state's evidence of guilt was uncontroverted, what would be left for him to argue in a case where the defendant declined to testify?
The defendant also objected to the Court giving Florida Standard Jury Instruction, Criminal Cases, 2.07, relating to the unexplained possession by the defendant of property recently stolen. Despite the seemingly clear language utilized by the Florida Supreme Court in State v. Young, 217 So.2d 567, 570-71 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), upholding the instruction and the constitutionality of the rule it incorporates, the defendant contends that Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976), limits its applicability to those circumstances where the accused, given an opportunity at time of apprehension to explain the possession, volunteers an "unreasonable and incredible" explanation at that time or when the defendant's failure to explain occurs on cross-examination at trial. Neither circumstance obtained in the instant case. Thus, the defendant asserts that the instruction by the trial court constituted an impermissible comment upon the defendant's right to remain silent.
The problem with this argument is that the Palmer delimitation upon the rule is in direct conflict with the majority opinion of the Florida Supreme Court in Young, supra, wherein the rule was explicated as follows:
"Moreover, the inference of guilt that the jury may infer from the unexplained possession of recently stolen goods does not arise from the possessor's failure to explain or demonstrate by evidence of exculpatory facts and circumstances that his possession of the recently stolen goods is innocent. It is the fact of possession that provides the basis for the inference of guilt. This inference is founded on
`* * * the manifest reason that when goods have been taken from one person, and are quickly thereafter found in the possession of another, there is a strong probability that they were taken by the latter.' Williams v. State, 1898, 40 Fla. 480, 25 So. 143.
The fact that the accused does not come forward at his earliest opportunity and explain his possession is an additional circumstance from which the jury may draw an inference of guilt, the basis for this inference being
`* * * the obvious consideration that, if the possession was lawfully acquired, the party would be able, at least shortly after its acquisition, to give an account of the manner in which such possession was obtained.' State v. Hodge, 50 N.H. 510, cited with approval in Tilly v. State, 1885, 21 Fla. 242.
There is, however, no mandatory duty to explain possession of the goods. The accused may explain his possession at the appropriate time, but he is not required to do so. Ard v. State, Fla. 1959, 108 So.2d 38. Even if he does come forward with an explanation, the jury is not required to believe it. As stated in Leslie v. State, 1895, 35 Fla. 171, 17 So. 555,
`The account given may be reasonable and highly plausible, and yet the jury *315 may not believe a word of it to be true. In the latter case they would have the right to convict upon the evidence furnished by the possession of the stolen goods alone, even though the state had not put in any proof directly to prove the falsity of the account given.'
Accord: Collier v. State, 1908, 55 Fla. 7, 45 So. 752; McDonald v. State, 1908, 56 Fla. 74, 47 So. 485; Bargesser v. State, 1928, 95 Fla. 401, 116 So. 11; Ferguson v. State, 1946, 157 Fla. 324, 25 So.2d 799.
It can be seen, therefore, that the rule of evidence respecting possession of recently stolen goods is no different, in kind, from the rule respecting the probative value of any other circumstantial evidence. Flight, concealment, resistance to a lawful arrest, presence at the scene of the crime, incriminating fingerprints  the whole body of circumstantial evidence relevant in a given case  are all incriminating circumstances which the jury may consider as tending to show guilt if evidence thereof is allowed to go to the jury unexplained or unrebutted by evidence of exculpatory facts and circumstances. See Blackwell v. State, 1920, 79 Fla. 709, 86 So. 224, 15 A.L.R. 465." (Emphasis in original)
Nothing in the majority Young opinion, nor for that matter in the dissent, supports the exceptions engrafted upon this rule of circumstantial evidence by Palmer. Those exceptions are predicated upon an interpretive application of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Indeed, the facts in Young were that the defendant volunteered no explanation at arrest and did not take the stand at trial  exactly the situation in Palmer and in the case sub judice.
We do not know the reason for the denial of certiorari review of the Palmer decision by the Florida Supreme Court. We do know that the United States Supreme Court on three separate occasions has rejected the argument that the inference herein at issue infringes upon an accused's privilege against self-incrimination. Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Turner v. United States, 396 U.S. 398, 24 L.Ed.2d 610 (1970); and Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925).
Appellant also relies upon Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979). Therein it was determined that the defendant was not in possession of stolen property when apprehended; therefore, the instruction was improper. That distinguishes Griffin from the instant case.
The Fourth District Court of Appeal recently has recognized the binding precedent set by Young in the factual setting herein considered. Marinos v. State, 371 So.2d 675 (Fla. 4th DCA 1979).
The defendant's last point on appeal is that his sentence for conviction of a second degree felony was enhanced by the trial court to a term of twenty years in contravention of the provisions of Section 775.084, Florida Statutes (1977), the habitual offender act. Defendant challenges the sufficiency of the notice and the findings in regard to the sentencing hearing.
These objections were never raised in the trial court, and, therefore, are not available to the defendant on this appeal. Engel v. State, 353 So.2d 593 (Fla. 3d DCA 1977).
In accordance with the foregoing principles, the judgments of conviction and sentences appealed are affirmed, without prejudice to defendant's right to seek appropriate relief, e.g., by Fla.R.Crim.P. 3.850.
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, C.J., concurs specially with opinion.
DAUKSCH, Chief Judge, concurring specially:
While I must concur with the result reached in the majority opinion, I suggest prosecutors should not be misled by it and feel an urge to comment upon a defendant's failure to testify at trial. When commenting upon the evidence or lack of it there is a thin line dividing propriety and impropriety.
*316 Additionally, as Judge Beranek said in Marinos, the dissent in Young should be reconsidered by our Supreme Court. Since Young, the decision in Clark v. State, 363 So.2d 331 (Fla. 1978) has set out the rule of law quite clearly in regard to comment upon an accused's failure to respond after having been given a Miranda warning. It is improper and if timely objection and motion for mistrial are made, then a mistrial must be ordered.
To me it is logically impossible to reconcile Clark and Miranda with Florida Standard Jury Instructions, (Crim.), Larceny 2.07 at 179, which says in part:
Proof of unexplained possession by the defendant of property recently stolen may justify a conviction of the larceny of that property if the evidence of the taking and the circumstances of the possession, when considered in the light of all the evidence in the case, convince you beyond a reasonable doubt that the defendant committed the crime.
In some cases, a person must declare his innocence or make some exculpatory statement or his failure to do so will be used against him  cases involving possession of recently stolen property. In other cases, all others, the accused is entitled to the Miranda and Clark protections. The sophistic reasoning in the Young decision should be reexamined.