NIMMONS, Judge,
dissenting.
I would grant the state’s motion for rehearing, vacate our earlier opinion reversing, and affirm the judgment.
In my view, the question of the reasonableness of the defendant’s explanation for his possession of the stolen motorcycle was a question to be determined by the trier of fact — in this case the trial judge. In so concluding, I would rely upon State v. Young, 217 So.2d 567 (Fla.1968), cert. denied 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); N.C. v. State, 478 So.2d 1142, 1144 (Fla. 1st DCA 1985); Leslie v. State, 35 Fla. 171, 17 So. 555, 557 (1895); Heiney v. State, 447 So.2d 210, 212 (Fla.1984); Huff v. State, 495 So.2d 145, 150 (Fla,.1986); and Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff’d, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).