683 So.2d 151 (1996)
Kevin R. D'ANNUNZIO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3045.
District Court of Appeal of Florida, Fifth District.
October 11, 1996.
Rehearing Denied November 6, 1996.
*152 James B. Gibson, Public Defender, and S.C. Van Voorhees, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, Judge.
This is an appeal of a judgment and sentence for two counts of lewd and lascivious assault on a child. We reverse.
The state charged D'Annunzio with four counts of sexual battery upon a child less than twelve years of age.[1] Prior to trial, D'Annunzio filed a notice of alibi.[2] At the end of the closing argument, the prosecutor informed the jury that D'Annunzio provided the state with a notice of alibi. Defense counsel objected but the court overruled the objection. The prosecutor stated:
And when they provided this notice of alibi to the State and filed it with the Court, they said we intend to put witnesses on the stand and say that this defendant was not there, could not have done this act because he was not there at the time. And we were put on notice of that, and I would submit to you not one witness was called to testify that the defendant was not home when this took place.
Defense counsel objected again arguing that there was no duty to follow through with an alibi defense just because you file a notice. Again, the court overruled the objection. The prosecutor continued:
In fact, the defendant got on this stand and said, I have paystubs that can show that I was at work at the same time [the victim] said thatthat I did this to her. I don't see these paystubs. They weren't placed into evidence in this case. all you've got is a defendant's word that he wasn't there. There's simply no evidence of it. There's no evidence of alibi. The State the defendant provided the State notice of an alibi that said they intended to have a defense of alibi, put the State on notice of it, and they didn't do it. They have no alibi in this case. You have no alibi and you have no motivation for lying.
The jury found D'Annunzio guilty on two counts of lewd and lascivious assault upon a child, a lesser offense.
D'Annunzio argues that his testimony at trial was too general to amount to *153 an alibi. We disagree. An alibi is a defense which states that at the time the crime was committed the defendant was at a different place and could not have committed the crime. Blackwell v. State, 79 Fla. 709, 86 So. 224, 227 (1920); Dees v. State, 99 Fla. 1144, 128 So. 485 (Fla.1930). Accordingly, D'Annunzio's testimony that he worked nights was only relevant to provide an alibi.
D'Annunzio next raises the issue of whether the trial court erred in allowing the state to mention his filing of an alibi notice and his failure to produce any alibi witnesses.[3] A prosecutor is allowed to comment on a defendant's failure to produce evidence refuting an element of the crime when the defendant voluntarily assumes some burden of proof by asserting an alibi defense. Jackson v. State, 575 So.2d 181 (Fla.1991). However, the prosecutor can only comment on the defendant's failure to produce a witness when the witness knows material facts which are helpful to the defendant's case and the witness is available and competent to testify. Hall v. State, 470 So.2d 796 (Fla. 4th DCA 1985), quashed and remanded, 517 So.2d 678 (Fla.1988). In this case, there is no evidence from the record establishing who the witness was, whether he/she was competent or whether he/she knew material facts. Therefore, it was improper to allow the prosecutor to argue to the jury the defendant's failure to produce alibi witnesses.[4]
In reviewing the propriety of prosecutorial comments, an appellate court examines the record to determine whether the prosecutor's conduct did not prejudice the defendant. Lipman v. State, 428 So.2d 733 (Fla. 1st DCA 1983) (quoting Coleman v. State, 420 So.2d 354 (Fla. 5th DCA 1982)). This Court cannot conclude that the prosecutor's remarks did not prejudice D'Annunzio.
The judgment and sentence are reversed and remanded.
PETERSON, C.J., and ANTOON, J., concur.
NOTES
[1] § 800.04, Fla. Stat. (1995).
[2] The notice of alibi was not contained in the record. Both parties, however, acknowledge that appellant filed the notice.
[3] The state argues that D'Annunzio failed to preserve this issue for review by failing to request a curative instruction or a mistrial. We disagree. Holton v. State, 573 So.2d 284 (Fla.1990), cert. den., 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); Taylor v. State, 583 So.2d 323, 330 n. 4 (Fla.1991), cert. den., ___ U.S. ___, 115 S.Ct. 518, 130 L.Ed.2d 424 (1994).
[4] D'Annunzio also argues that the trial court erred in allowing the prosecutor to comment on his failure to produce his paystubs. We disagree. See People v. Blake, 129 Cal.App. 196, 18 P.2d 399 (1933).